UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 05-30074-MAP

TAMMY WALKER,
　　Plaintiff

V.

CITY OF HOLYOKE,
　　Defendant

Response to motion to compel plaintiff's production of
documents

NOW COMES the plaintiff, Tammy Walker

Plaintiff has conducted a diligent search a reasonable effort to
recover duplicated discovery documents to complete request of
production of documents, but is unable to submit under rule 34,
given the facts which were stated in court on January 12th 2006.( 1)
plaintiff clearly remember Judge Neiman stated to move forward
with written discovery, due to my former Attorney Saperstein and
Chief Scotts refusal to release discovery documents in their
possession.

As for the interrogatories, they were completed and e-mailed to
Attorney Lynch on February 15th 2005 at 10:55:46 PM @
clynch@morrisonmahoney.com the plaintiff placed a phone call to
Attorney Lynches office and left a message on her voice mail
informing her of the e-mail that was sent.( Exhibit A)

The Plaintiff believes the Interrogatories were received, due to a letter I received dated May 4th 2006 from Attorney Lynch (See exhibit B) requesting medical release forms listing 7 Doctors names in the answers given in the interrogatories. I will resubmit this to Attorney Lynch through certified mail as well as with the court.

Plaintiff
Tammy Walker

EXHIBIT B

# MORRISON MAHONEY LLP

COUNSELLORS AT LAW

TOWER SQUARE
1500 MAIN STREET
SUITE 2400, POST OFFICE BOX 15387
SPRINGFIELD, MASSACHUSETTS 01115-5387
413-737-4373
FACSIMILE: 413-739-3125

| | |
|---|---|
| MASSACHUSETTS | NEW HAMPSHIRE |
| BOSTON | MANCHESTER |
| FALL RIVER | |
| SPRINGFIELD | NEW JERSEY |
| WORCESTER | PARSIPPANY |
| CONNECTICUT | NEW YORK |
| HARTFORD | NEW YORK |
| ENGLAND | RHODE ISLAND |
| LONDON | PROVIDENCE |

Carole Sakowski Lynch
Phone: 413-737-4373 Ext. 1233
clynch@morrisonmahoney.com

May 4, 2006

Tammy Walker
6 Clark Street
Holyoke, MA 01040

Re:     Tammy Walker v. City of Holyoke
        Docket No.:        05-30074-MAP
        Our File No.:      10007547

Dear Ms. Walker:

Since you have raised your medical condition as an issue in this case, enclosed please find seven (7) Authorizations to release your medical record information to our office. Please sign the enclosed authorizations and return them to me at your earliest convenience. A self-addressed stamped envelope is enclosed for your convenience.

Thank you very much.

Very truly yours,

Carole Sakowski Lynch

CSL/saw
Enclosures

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
DOCKET NO. 05-30074-MAP

TAMMY WALKER,
    Plaintiff

v.

CITY OF HOLYOKE,
    Defendant

1. Please identify yourself, including your full name, social security number, date of birth, place of birth, race or nationality, residential address, occupation and the name and address of your employer.

1. My full name is Tammy Walker. My social security number is        -4270. I was born in Holyoke, Ma. On April 23, 1962. I am African American. I reside at 6 Clark Street, Holyoke, Ma. 01040. I am currently terminated as a police sergeant with the Holyoke Police Department located at 138 Appleton Street, Holyoke, Ma. 01040. I am currently awaiting a Civil Service Hearing regarding this matter.

2. Please identify by name and address each person whom you expect to call as an expert witness at trial including:

A. The subject matter on which each expert is expected to testify.

B. The substance of the facts and opinions to which each expert is expected to testify.

C. A summary of the grounds for each opinion described above.

2. These parties will testify to the amount of work related stress I was under, my physical condition, and the state of my health at the time I was employed and afterwards.

Plaintiff reserves the right to add to this list:

1. Kathy Borelli, EAP 500 Beech Street Holyoke, Ma. 01040
2. Barbara Zellan 10 Central Street Westfield, Ma. 01099
3. Dr. Stephen Levine (PCP) Primary Care Physician 1221 Main Street Holyoke, Ma.01040.

4. Dr. Spellman (BSMC) Baystate Medical Center 3300 Main Street Spfld.,Ma. 01107

5. Dr. Kalia 300 Carew Street Spfld., Ma. 01104

6. Dr. Kereen 500 Beech Street Holyoke, Ma. 01040

7. Dr. Ogoke Northern Pain Management 125 Liberty Street Spfld., Ma. 01103

3.  Please state in full how you have been damaged or injured as a result of the acts or omissions of the Defendant, stating what the Defendant did or failed to do that damaged or injured you and list and itemize all damages or injuries, which should include any lost wage or benefits claim, you claim you suffered, including the following in your answer:

A.  A description of each element of damage or injury claimed, including relevant dates;

B.  A dollar breakdown of each element of damage or injury claimed;

C.  The method that you used to assess a monetary value on your claimed damages or injuries; and

D.  A description of each document you have relied upon to support each element of damage or injury claimed.

3.  I went into a deep depression and was unable to leave my house. I had a feeling of despair and was afraid to go to work. I was humiliated in front of my co-workers as well as my subordinates. I suffered from heart palpitations, anxiety and panic attacks. I am unable to sleep and eat. I couldn't pull myself out of the sadness I was feeling. I was unable to get up to go to work. I did not lose any wages because whenever I called in sick, I received sick pay for these days.

The harassment continued for years which forced me to continue to take days off. I then ran out of sick time, vacation time, and holiday time attempting to run from the harassment. There is no dollar amount that comes to mind that can bring back the several years of suffering that I've had to endure. Please also refer to Exhibit "B" in the Request for Production of Documents.

4.  If you sought medical or mental health treatment as a result of any actions or omissions of the Defendant, please state;

A.  The name and present address of all doctors, psychiatrists, psychologists, counselors, hospitals and other healthcare providers administering such medical or other treatment to you;

B.  The dates on which such medical or other treatment was provided;

12. Please describe all communications that you had with any representative of the Holyoke Police Department regarding any complaints or concerns that you have had and/or expressed regarding your employment, including the date of the communication, the substance of the communication, the method of communication, the names and addresses of the individuals involved in the communication and the names and addresses of all individuals who were present.

12. I went to several people to have them talk to John Monaghan. I asked them to talk to mainly John Monaghan and not Joe Garcia regarding the name calling such as "Tyrone" and the whimlack over the radio. I do not recall the specific dates or the frequency that was being used when comments were made by Sergeant Monaghan. The comment that was made was "lick it, lick it good." Katie McCoy and Melinda Lane saw how emotionally upset I was after being out sick from work with heart palpitations when I brought in my doctors' note. I went to Chief Scott and told him what was going on.

Chief Scott referred me to Captain Fletcher. I also told Captain McCoy on Beech Street, Holyoke, Ma. 01040 and asked him if he could talk to Sergeant Monaghan and have him stop from harassing me and doing what he was doing. Captain McCoy also referred me to Captain Fletcher. I spoke with Sergeant Lenihan regarding the situation, very earlier on. Lenihan's response was that he didn't want to get involved. I spoke to my cousin, Officer Lonnie Westbrook and asked him why Mr. Monaghan was doing this to me.

Mr. Westbrook stated he would speak with him about it. I went to people who I thought could talk to Mr. Monaghan and make him stop. I do not recall specific dates when these conversations occurred.

13. If you contend that any member of the Holyoke Police Dept. Or the City of Holyoke discriminated against any other employee of the Holyoke Police Dept. While you were employed there, please identify by name and address the individual who was discriminated against, describe the alleged discrimination, including the relevant dates, and provide the name and address of the individual who allegedly perpetrated the discrimination.

13. The only person that came forward was Jorge Rodriguez, which resulted in discrimination against him. Sergeants must gas up their cars in the morning. After Mr. Rodriguez came forward there was an incident where he was in line to gas up his car and Sergeant Monaghan refused to put in the code to allow him to gas up his car. Mr. Rodriguez left the fill up area and radioed the dispatch that his car would not be gassed up because Sergeant Monaghan was refusing to allow him to do so. Also, all of Sergeant Monaghan's junk mail was repeatedly put into Mr Rodriguez's mailbox.

Mr. Rodriguez reported this to the Chief and a letter came down regarding putting mail in other people's mailboxes. Mr. Rodriguez was also present when comments were made in the roll call room regarding my claims. Mr. Rodriguez was present when Sergeant Garcia made comments during roll call such as, "Who else is going to sue me,

anyone else want to sue me." Sergeant Monaghan undeniably discriminated against Jorge
Rodriguez.

14. Please describe any problems or issues you have had with John Monaghan and
Joseph Garcia during the course of your employment with the Defendant, including the
date of each incident, your response and identify by name and address all witnesses to the
incidents.

14. I cannot recall all of the specific incidents where Sergeant Monaghan and Sergeant
Garcia did not respect my orders. However, the following are a few of the incidents that I
do recall specifically. I had problems with Sergeant Garcia changing my roster on a
couple of occasions. I asked him to come in to speak with me about why he was
changing the roster. I wrote a letter to Lieutenant Whelihan on October 20, 2002
explaining the situation with Sergeant Garcia in that Sergeant Garcia was changing the
roster and not following my orders, which were not to change the roster.
     I do not recall the specific dates or the frequency that was being used when
comments were made by Sergeant Monaghan. The comment that was made was "lick it,
lick it good." Sergeant Monaghan and Sergeant Garcia went to 7-11 following the arrest I
made on October 15th 2002 to question the clerk about an arrest I made on October 15th
2002. It was clear the clerk felt uncomfortable as though he was being interrogated. On
June 24, 2003 at approximately 2:00am, a reserve officer Thomas Dore had called in a
prank phone call to the Holyoke Police Department stating that there were four men
refusing to leave the bar.
     I arrived on the scene and the only people in the bar were police officers, including
Sergeant Monaghan. I asked them to leave the bar. Sergeant Monaghan stood there,
looked at me and proceeded to take another sip of his drink, slid the bottle across the bar
table and asked if his tab was all set. I again repeated myself "LET'S GO" and Sergeant
Monaghan finally left with the other three officers. Although this was a request in most
people's eyes, under the Holyoke Police Standard this is a direct order, Sergeant
Monaghan and other officers did not respect this direct order, which was stated twice.
Please refer to all complaints I filed regarding members of the Holyoke Police
Department.

15. Please describe the hostile work environment that you allege you were subjected to
by the Defendant and state how your work was affected as a result of being subjected to
this alleged environment, including in your answer all relevant dates, locations and the
name and address of all witnesses to this conduct.

15. The hostile work environment started when I informed Sergeant Garcia that I was
going to be granted my seniority, which the city had agreed upon after I became a
Sergeant. I told him out of respect, face to face, that I was going for my seniority. I
didn't want to do this behind his back because I didn't think it was fair to do behind his
back, which had happened to him before with Sgt. Pratt. In the agreement the City of

Holyoke had made with me, both Sgt. Monaghan and Sgt. Garcia did not like that I would be senior to them.

It was after that they refused to communicate with me. My work was affected because without communication there was no way for me to be an effective Sergeant. From this point on, Sgt. Garcia no longer gave me any training. I was on my own in the streets trying to figure out how to be a productive Sgt., as well as to learn the daily function of inside paperwork. I found it quite difficult to be an effective Sergeant having no communication with them. I went to Lieutenant Whelihan regarding this matter and told him that neither Sgt. Garcia nor Sgt. Monaghan was speaking to me.

I told him that due to this lack of communication, I had no way of knowing what each person was doing. I stated that I would come in on my first two nights and do the reports that Sgt. Monaghan and Sgt. Garcia would be responsible for gassing the cruiser, which is done through seniority. My problems with Sgt. Garcia and Sgt. Monaghan Trickled down to the subordinates, which caused a hostile environment for everyone. The subordinates felt that they could not talk to me because both Sgt. Monaghan and Sgt. Garcia were not speaking to me. They believed that if they communicated with me, Sgt. Garcia and Sgt. Monaghan would ostracize them as well.

The subordinates did not know who to listen to. There were also incidents where Sgt. Garcia would say in roll call to my subordinates, "Who else is going to sue me, anyone else want to sue me." On September 19, 2003 Sgt. Lenihan wrote a letter directly to Lt. Whelihan stating that I had directly disobeyed his orders. He asked that this letter be put into my personnel file.

16. If you allege that you were treated differently than other employees, please provide a description, including dates and the names and addresses of the individuals who were treated more favorably than you.

16. Denied time off by Lt. Eva O'Connell, transferred from area of supervision, my prisoners released after I arrested them by Sgt. Fallon and Lt. Eve O'Connell. Suspended for being five minutes late for court, April 6th 2004. My performance was tracked by Lt. O'Connell in a packet given to me on August 3rd 2004. I was ordered to the station by Chief Scott on August 22nd 2004. I was ordered to sign statements by Chief Scott and Lt. Fournier, when I know the auto tape had been altered.

I was assigned to be the booking officer, as well as having my movements restricted. I left without communication during supervisory watch hours, radio and laptop. Physically assaulted by Lieutenants O'Connell and Fournier. IOC's and IOD forms submitted to Captain Fletcher, which were not passed onto Chief Anthony R. Scott.

17. Please describe the circumstances which resulted in your having a seniority date of June 9, 1999, instead of June 20, 1999, as some of the other sergeants had who took the sergeant's exam on the same date that you did.

17. Atty. Alex Masters hand wrote out an agreement on date which would be given if I

dropped the suit. The City of Holyoke put the date of June 9, 1999 as my bypass date. That was the date that I the interview and was informed at 4:00PM that I was not chosen for Sergeant. That was the date that Alex Masters put down as the date of my bypass. I was not informed about the June 20, 1999 date that they gave other Sergeants until it was coming time to put me in front of. I didn't put the date in, the City put the date in.

I made a claim against the City for not promoting me to Sergeant and picking Joe Garcia who had scored two points lower than I had, and had less education than I did. I subsequently filed a complaint with the Civil Service Commission, which they in return and a Civil Service hearing and with myself, my Attorney, Atty. Alex Masters, City Solicitor Fitzgibbons and it was agreed upon that I would drop the MCAD suit and Civil Service appeal and be put on the next active list for Sergeant.

18. If you took time off from work because of the allegations in your Complaint, please state the dates, the reasons you did not work and state the reasons you gave to your supervisors.

18. I called in sick on the days that I was working with Sgt. Monaghan due to the fact that I was not emotionally able to go in and work with this gentleman. I do not recall the specific dates that I called in sick. The psychological effect of him walking by and giving me sneers, and the harassment over the radio was too hard for me to take. I was not able to go in and face this anymore because of the depression I was going through. All of this affected my work so that I was unable to perform my duties as a Sergeant. Please see suspension for sick abuser.

19. Please set forth whether any statements have been obtained by you or on your behalf with the respect to the subject matter of your Complaint, and if so, set forth the following::

A. The name, address, telephone number and place of employment of each person;

B. The date, time, and place where such statements were obtained; and

C. The full name, present or last address, telephone number and position of employment of the person obtaining such statement.

19. All internal affairs investigations which lead to suspensions/termination. Letter from the Store Clerk Kuram Shahzad , unknown address. Statement given to Agent Susan Kossler and AUSA Kevin O'Regan.

20. Please describe fully your performance as an employee of the City of Holyoke Police Dept., and identify all documents which substantiate your claimed performance.

20. Should be contained in personal files.

21. Please state whether you have ever been a party in any civil or criminal legal action, other than this action, and if so, please state:

    A. The names, addresses and the telephone numbers of the parties involved;

    B. A description of the claims, counterclaims, cross-claims and defenses;

    C. The court in which the legal proceeding was filed and the docket number; and

    D. A description of the outcome.

21. This should by contained in personal files.

22. Please give a full and complete description of any mental health conditions, illnesses or diseases which you had within five years of the incidents alleged in your Complaint, including the date and nature of any such condition, illness or disease and the name and address of any medical or mental health institution, doctor, professional or other person who rendered treatment to you, also including in your answer the extent to which you were suffering at the time of the incidents alleged in your complaint.

22. Should be contained in personal files.

23. Please state whether you have ever filed any claim for workers' compensation benefits due to a mental health related disability, and, if so, please state:

    A. The nature of the disability;

    B. A description of the basis of your claim;

    C. The names of any insurance companies involved; and

    D. The name of the employer.

23. None that I can recall.

24. If you allege that you were unable to perform your job duties with the Defendant due to a mental or physical disability, please describe the disability and identify by name and address all medical personnel from whom you received treatment.

24. 1). See letter faxed to retirement board on April 11, 2005
    2). All Work Connection files South Health files

25.  Please state all the facts upon which you base your claim that the Defendant violated your First Amendment rights, including the identity of all individuals involved in this conduct, the respective dates of this conduct and identify by name and address all witnesses to this conduct.

25.  Chief Anthony R Scott, Michael J. Sullivan, Please refer to all grievances filed.

25. B).  Please state all facts upon which you base your claim that the Defendant violated the Whistleblower Act, including the identity of all individuals involved in this conduct, the respective dates of this conduct and identity by name and address all witnesses to this conduct.

25.  B). Chief Anthony R Scott, Michael J. Sullivan.  Suspended/ terminated for expressing my rights.

Plaintiff requests the right to amend this discovery upon receipt of all my discoverable documents pertaining to my case from my former Atty., Tani Saperstein, or until Chief Anthony R. Scott is ordered to release me all discovery obtained by Atty., Tani Saperstein.

Plaintiff

Tammy Walker