UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TAMMY WALKER,        )
    PLAINTIFF        )
                     )
V.        )
                     )         Civil Action No. 05-30074-MAP
CITY OF HOLYOKE,        )
    DEFENDANT        )

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL
DEFENDANT TO PRODUCE DOCUMENTS PURSUANT TO FED. R. CIV. P. 37(A)
AND LOCAL RULE 37.1 (B)**

**I. INTRODUCTION**

    **A. NATURE OF THE CASE**

    Plaintiff Tammy Walker (hereinafter "Plaintiff") is a Black African-American female and former employee of the City of Holyoke Police Department (hereinafter "Defendant"). Plaintiff filed this civil action against the Defendant, for discriminating, harassing and retaliatory behavior; based on her gender, race and color, and sexual orientation, under either federal laws (42. U.S.C.§ 2000, and 42 U.S.C.§ 1981 and 1983) and or state laws (M.G.L.c. 151 B and c. 149 § 1985).

    **B. DISCOVERY CONFERENCES**

    The parties conducted two (2) telephone discovery conferences, for approximately fifteen (15) minutes each concerning the issues in this motion, during the afternoon hours of November 10 and 17, 2006. Attorney Carole S. Lynch represented the Defendant, and Plaintiff was represented by attorney Ozell Hudson, Jr. See letters from Plaintiff's counsel dated November 17 and 22, 2006 addressed to Defendant's counsel, attached hereto as Exhibit 1 and 2, respectively. During the November 22 conference the parties reached an agreement concerning

1

their reciprocal production of tape recordings. The only issue in this motion remaining to be decided by this Court, is Defendant's refusal to produce requested documents concerning comparator information about Defendant's treatment of similarly situated white male employee: Robert Wagner. See Exhibits 1 and 2.

**II. <u>FACTS RELEVANT TO THE DISCOVERY MATTERS TO BE DECIDED</u>**

Plaintiff incorporates by reference the facts in her Amended Complaint and realleges the same as though fully stated herein. Plaintiff was hired as a full time police officer by Defendant in July 1993, Plaintiff was passed over for appointment to Sergeant in August 1999. Plaintiff settled her Civil Service and Massachusetts Commission Against Discrimination (MCAD) complaints in 2000, and was appointed to a Sergeant position on May 5, 2002, with retroactive seniority from June 9, 1999. From July 1993 through June 2002 Plaintiff had an exemplary work record, including meeting Defendant's reasonable expectation for job performance. From May 30, 2002 through her termination on April 18, 2005 Plaintiff was targeted for discipline, and she was subjected to several additional acts of harassment, discrimination, and retaliation; because of her gender, race and color, sexual orientation, and sexual stereotypes because of her on the job behavior and appearance. Plaintiff reasonably complained of the discrimination and harassment to her superiors, to the MCAD, and to the Equal Employment Opportunity Commission (EEOC). Defendant responded to Plaintiff's complaints of discrimination by targeting her for unwarranted discipline, suspension without pay, and ultimately terminating her employment. Sergeant Robert Wagner (hereinafter "Sgt. Wagner") was similarly situated to Plaintiff in terms of performance, qualifications, and conduct. Sgt. Wagner's misconduct was more serious, or as grave as the Plaintiff's alleged misconduct. Sgt. Wagner had an inferior overall personnel record, and like Plaintiff received several disciplinary suspensions without pay.

2

However, unlike Plaintiff, Sgt. Wagner was not involuntarily terminated. Sgt, Wagner was treated more favorably than the Plaintiff. In addition, according to the September 11, 2006 deposition testimony of Defendant's Chief of Police, Anthony Scott, (hereinafter "Chief Scott"), Sgt. Wagner was a litigant in retaliation and/or whistle blower cases against Defendant, like the Plaintiff.

On August 6, 2006, Plaintiff served her First Request For Production of Documents By The Defendant City of Holyoke. Following the September 11, 2006 deposition of Chief Scott, on September 13, 2006 Plaintiff's counsel addressed letters to Defendant's counsel specifying and clarifying documents Plaintiff previously requested, but which Defendant had neither responded too, nor produced. (See Exhibit 3 attached hereto).

On or about September 19 and 21, 2006 Defendant served its Response, and Supplemental Response, respectively, to the Plaintiff's First Request for Production of Documents. The Plaintiff has reasonably complied with all of the Defendant's discovery, including but not limited to requests for documents, answers to interrogatories, and scheduling Plaintiff's continuing deposition (the second day of Plaintiff's deposition had to be canceled due to Plaintiff's medical condition), but Plaintiff has voluntarily offered to reschedule her continuing deposition when her health improves). Nevertheless, the Defendant's response to Plaintiff's request for documents, of similarly situated employee, Sgt. Wagner, set out, in part herein, can be briefly characterized as obstructionist, vague, mostly evasive or incomplete response, and a complete failure to respond.

Defendant failed to produce any documents of Sgt. Wagner in response to Plaintiff's Request for Documents, even though Sgt. Wagner was a litigant in "retaliation" and "whistleblower" claims against Defendant, and was identified by Plaintiff in Exhibits 1 and 3 as

3

relevant because Sgt. Wagner was a similarly situated comparator.  In addition, prior to Defendant's Response to Plaintiff's Request for Documents, Plaintiff informed Defendant that its investigative files (Professional Standards Division a/k/a Internal Affairs) concerning Robert Wagner should be specifically included in its Response. (Exhibit 3).

Due to Defendant's evasive or incomplete response, the undersigned conferenced with Defendant's counsel on November 10 and 17, 2006 pursuant to L. Rule 37.1B. Defendant's counsel said Chief Scott would not provide the requested documents concerning Sgt. Wagner without a court order. Plaintiff seeks a court order compelling Defendant to produce documents concerning Sgt. Wagner as specified in Exhibit 3 and the following:

**Request No. 8:**

All documents including claim letters, pleadings and settlement documents, regarding any other retaliation, race, gender, or sexual orientation discrimination, whistleblower or civil rights claim that have ever been filed against the Holyoke Police Department since 2001 to present.

**Response:**

**Objection:** **The Defendant objects to this request on the grounds that it is overbroad, overly burdensome, not properly limited as to time, seeks disclosure of information protected by the attorney/client privilege, and seeks information which is irrelevant to the subject matter of this action and which is not reasonably calculated to lead to the discovery of admissible evidence. The Defendant objects on the grounds that some of the requested documents are a matter of public record which Plaintiff's counsel is fully capable of locating on his own. The Defendant also objects to this request as it invades the privacy rights of the individuals involved. Notwithstanding nor without waiving this objection, the**

4

**Defendant states that discovery and investigation are ongoing and the Defendant reserves the right to supplement this response, if appropriate.**

**SUPPLEMENTAL RESPONSE:**

**See Exhibit U.**

**In addition, the Defendant is continuing to search its records and will supplement this response if additional documents are located.**

**Request No. 19**

Any and all documents, including reports, court pleadings, correspondence, memoranda, notes and newspaper articles, regarding any allegations that the Defendant ever discriminated against employees on account of their race, gender or sexual orientation, or retaliated against employees, since January 2001 to present.

**Response:**

**Objection:** **The Defendant objects to this request on the grounds that it is not properly limited to time, overbroad, overly burdensome, seeks disclosure of information protected by the attorney/client privilege, and seeks information which is irrelevant to the subject matter of this action and which is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, some of the requested documents are a matter of public record which Plaintiff's counsel is fully capable of locating on his own. The Defendant also objects to this request as it invades the privacy rights of the individuals involved. Notwithstanding nor without waiving this objection, the Defendant responds as follows: Discovery and investigation are ongoing and the Defendant reserves the right to supplement this response.**

**SUPPLEMENTAL RESPONSE:**

5

**See Exhibit U.**

**In addition, the Defendant is continuing to search its records and will supplement this response if additional documents are located.**

**ARGUMENT** (same for Requests No. 8 and 19)

    **RELEVANCY:**

Rule 26 (b)(1), pursuant to the year 2000 amendments, permits discovery into any matter that is relevant to the claims or defenses of any party. However, upon a showing of good cause, the Court may still order discovery of any information relevant to the subject matter of the lawsuit, as well as any information not privileged, which concerns the claim or defense of any party. Rule 26 advisory committee's note, 2000 amend; <u>Sanyo Laser Prods., Inc. v. Arista Records, Inc.</u> 214 F.R.D. 496, 499-500 (N.D. Ind. 2003).

The Plaintiff alleged federal and state law claims (e.g. 42 U.S.C.§ 2000 and M.G.L.c. 51B) in her Complaint including but not limited to discrimination, harassment, and retaliation. "In a discrimination action alleging disparate treatment, obtaining comparative information about an employer's treatment of similarly situated employees is often critical to the Plaintiff's case. <u>Pardo v. The General Hospital Corp. et. al.</u>, SJC-09433 (Jan. 26, 2006); Mass. Lawyers Weekly (1/27/06), citing <u>Matthews v. Ocean Spray Cranberries' Inc.</u> 426 Mass. 122, 129 (1997), citing <u>Smith College v. Massachusetts Commission Against Discrimination</u>, 376 Mass. 221, 228(1978) ("The Most probative means of establishing that the Plaintiff's termination was a pretext for…. Discrimination is to demonstrate that similarly situated… employees were treated differently").

Here, the Plaintiff requested in Exhibit 3 the following: all documents concerning Holyoke Police Department's (HPD) Internal Affairs investigation; Special Orders, and Internal Office Communications of Chief Anthony Scott "…since May 1, 2002, concerning all

6

grievances, complaints, investigations, discipline, relating in any way to:…(6) Robert Wagner…."

Moreover Plaintiff' has stated claims for retaliation, alleging causation: that protected activity was followed by adverse treatment in employment, including allegations of circumstantial proof such as temporal proximity, disparate treatment, or inconsistent actions by Defendant. This circumstantial evidence maybe considered in determining whether a causal connection exists between the protected activity of the employee, and the prohibited adverse employment action of the employer. Che v. Massachusetts Bay Transportation Authority, 342 F. 3d, 31, 40 (1st Cir. 2003) (The court held that the creation of a hostile work environment can be retaliatory adverse employment action, after analyzing proof of causation).

A Plaintiff claiming employment discrimination in the hiring, promotion, and termination of managers is entitled to discover personnel information of all employer's managers and the identification of all persons who have filed discrimination charges against it, as such information is relevant to the Plaintiff's statistical proof. Willis v. Golden Rule Ins. Co., 56 F.E.P. 1451, 453-54 (E.D. Tenn. 1991).

**ATTORNEY-CLIENT PRIVILEGE**

Rule 26(b)(1), as amended in 2000, continues to permit discovery into any matter that is not privileged, as long as the information sought is relevant to the claims and defenses of any party.

The Defendant's "Twenty-Eighth Defense" to Plaintiff's Amended Complaint relied on conducting an investigation as a defense to Plaintiff's claims of harassment. In Harding v. Dana Transport, 914 F. Supp. 1084, 1094-97 (D.N.J. 1996) (citing Glenmede Trust Co. v. Thompson, 56 F. 3d 476 (3d Cir. 1995), the district court found that the defendant-employer waived the

7

attorney-client privilege when it used contents of an internal investigation performed by its attorney as a defense in a Title VII case.

Some courts have found that blanket claims of privilege or privacy, even when based on statute or rule, do not protect employee personnel files or the like from discovery in discrimination cases. See, e.g. Webster v. Doe 486 U.S. 592, 604, 46 F.E.P. 1671 (1988) (the court has discretion to balance the Plaintiff's need for access to documents against the extraordinary security needs of the CIA); Garrett v. City & County of San Francisco, 818 F. 2d 1515, 1519 N.6, 44 F.E.P. 865 (9th Cir. 1987) (The Plaintiff is entitled to discover personnel files of other firefighters, despite the Defendant's claim that the files are protected by state created privileges); and Weahkee v. Norton, 621 F. 2d 1080, 1082, 22 F.E.P. 1497 (10th Cir. 1980) (allowing the Plaintiff to discover the personnel files of other employees promoted over him, in order to permit him to compare qualifications and job performance).

**PRIVILEGE LOG**

In the district court, a party withholding documents based on a claim of privilege must identify the nature of the state and federal law privilege claimed. See Loc. R. 33.1 (E), 34.1 (E), 35.1 (B), 36.1(A)(3). Also see Marx v. Kelly, Hart & Hallman, P.C., 929 F. 2d8, 12 (1st Cir. 1991). The Defendant was required to produce a privilege log for the Plaintiff (and for the court). A party withholding documents based on a claim of privilege is required to "describe the nature of the documents... in a manner that without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection. Rule 26 (b)(5).

**GENERAL OBJECTION**

Plaintiff's request for documents concerning similarly situated comparator information, is not overly broad and unduly burdensome. Plaintiff's Request No. 8 and 19 limits the request

to 2001. The norm in employment cases seems to be five years. In addition Plaintiff's Motion to Compel is limited to one comparator, Sgt. Robert Wagner. Here the Defendant contends that the requested documents can be obtained from other sources. Therefore Defendant should provide an affidavit specifying where the information can be obtained. See <u>Halperin v. Berland</u>, 114 F.R.D. 8, 11 (D.Mass. 1986).

The Plaintiff has tailoreded her motion to compel production of documents of comparators to the needs of the case, by seeking information of only one (1) similarly situated employee, Sgt. Robert Wagner.

### **CONCLUSION**

For the foregoing reasons Plaintiff's Motion to Compel Defendant to produce documents of similarly situated comparator-employee, Sgt. Robert Wagner, ought to be allowed.

Respectfully Submitted
Plaintiff Tammy Walker
By Her Attorney

/s/ *Ozell Hudson, Jr.*
Ozell Hudson, Jr.
BBO#556869
434 Massachusetts Ave.
Suite 402
Boston, Ma. 02118
Tel. (617) 267-0662
Fax (617) 267-0663

**Ozell Hudson, Jr., Esq.**
**Law Offices**

**434 Massachusetts Ave, Suite 402**
**Boston, Massachusetts 02118**
**Telephone (617) 267-0662**
**Fax (617) 267-0663**
**E-mail: ohudsonlaw@aol.com**

# Exhibit 1

November 17, 2006

Carole Sakowski Lynch, Esq.
Morrison Mahoney & Miller, LLP
1500 Main Street, Suite 2400
P.O. Box 15387
Springfield, Ma. 01115

Re:   Tammy Walker v. City of Holyoke
      U.S. District Court
      Docket No. 05-30074-MAP

Dear Attorney Lynch,

     Pursuant to our telephone conversation on November 17, 2006, it is my understanding that I confirmed that Ms. Tammy Walker has canceled her November 21 deposition due to her medical condition. I do not know when Ms. Walker's health will permit her to continue her deposition. However, I recommended that Ms. Walker would voluntarily give her deposition after the close of the discovery period allowed for non-expert depositions.

     I am not authorized to assent to a motion to extend the discovery period to take Ms. Walker's deposition, unless Defendants agree to produce previously requested documents, not yet produced, including but not limited to the alleged similarly situated comparators as follows:

- Sgt. Robert Wagner
- Gary Bennett

     Moreover, Plaintiff requested that all her medical records in the possession of Defendants and its agents be produced.

     Thank you for your cooperation.

Sincerely,

/s/

Ozell Hudson, Jr., Esq.

cc. Tammy Walker

**Ozell Hudson, Jr., Esq.**
**Law Offices**

434 Massachusetts Ave, Suite 402
Boston, Massachusetts 02118
Telephone (617) 267-0662
Fax (617) 267-0663
E-mail: ohudsonlaw@aol.com

**Exhibit 2**

November 22, 2006

**By Mail and Fax : 413-739-3125**

Carole S. Lynch, Esq.
Morrison Mahoney LLP
1500 Main St. Suite 2400
P.O. Box 15387
Springfield, Ma. 01115

Re:   Tammy Walker v. City of Holyoke
       U.S. District Court
       Docket No. 05-30074-MAP

Dear Atty. Lynch:

    Pursuant to our telephone conversation on November 10 and 17, 2006, and my letters to you dated September 13, and November 17, 2006, I renewed Plaintiff's First Request for Production of Documents, for the Holyoke Police Department's (HPD) records concerning all investigations, grievances, complaints and disciplinary actions, including but not limited to Robert Wagner and Gary Bennett. In addition, Defendants have not produced HPD officers' answers to questionnaire accompanying Lt. David Fournier's November 13, 2002 investigative memorandum.

    It is my understanding that on both November 10 and 17 you stated that HPD Chief Anthony Scott will not produce Sgt. Robert Wagner's and Gary Bennett's investigative records without a court order. Moreover, I explained to you that the records were relevant because Robert Wagner and Gary Bennett are similarly situated comparators for purposes of proving Plaintiff's discrimination and retaliation claims. In addition, I renewed Plaintiff's request for copies of her entire HPD medical file, which she provided concerning her injury on duty claims. I informed you that our November 17 discussion should be considered as the required Local Rule 7.1 conference.

    It is my understanding that the Defendant has failed to produce documents in response to Plaintiffs Request for documents as mentioned above and as follows:

**Ozell Hudson, Jr., Esq.**
**Law Offices**

434 Massachusetts Ave, Suite 402
Boston, Massachusetts 02118
Telephone (617) 267-0662
Fax (617) 267-0663
E-mail: ohudsonlaw@aol.com

### Request No. 8 , 19, and 22

These requests seek documents relating to retaliation, race, gender, sexual orientation whistleblower, and civil rights claims filed against HPD since 2001, even if Massachusetts Commission Against Discrimination (MCAD) documents are unrelated to Plaintiff.

### Request No. 11

This request seek documents about any HPD employment positions filled since January 1, 2004 including pay.

### Request No. 20

Plaintiff seeks a copy of any discrimination (race, gender, sexual harassment, sexual orientation, and retaliation) policies, and disciplinary procedures that ever applied to the Plaintiff since 2001.

Pursuant to the above-mentioned telephone conferences, written requests, and my voice message to you on November 22, 2006, Plaintiff will accept Defendant's invitation to file a motion to compel production of the above-mentioned documents.

In, accordance with our verbal agreement on November 17, it is my understanding that Plaintiff will produce a copy of the tape recording of her March 15, 2005 conversations with Lt. Fournier and Sgt. McCavick; and telephone conversations with Capt. Fletcher (if the latter exist in her possession, custody, or control); provided the Defendants pay the cost of reproduction. In addition it is my understanding that Defendants agree to produce at Plaintiff's cost, copies of their tape recordings as follows:

- March 15, 2005 conversation between Ms. Walker, Lt. Fournier, and Sgt. McCavick;
- Professional Standards Department (Internal Affairs) interview concerning Tammy Walker, her complaints, grievances, and discipline from May 2002 through her termination on or about April 18, 2005, including but not limited to the following:

    7-15-03:    Affidavit of Jorge Rodriquez corroborating Walker's internal complaint about race and sex discrimination;

**Ozell Hudson, Jr., Esq.**
**Law Offices**

**434 Massachusetts Ave, Suite 402**
**Boston, Massachusetts 02118**
**Telephone (617) 267-0662**
**Fax (617) 267-0663**
**E-mail: ohudsonlaw@aol.com**

| | |
|---|---|
| 8-7-03: | Written reprimand for Walker's alleged insubordination concerning Eliza Pub incident; |
| 8-19-04: | Suspension concerning Walker's alleged Holyoke Mall Videotaping incident; |
| 11-12-04: | Walker's complaint that officers dispatched calls over laptops and not radios; |
| 11-30-04: | Walker's suspension concerning alleged sick leave abuse. |

If you have any questions or comments please contact me.

Sincerely,

/s/

Ozell Hudson, Jr., Esq.

cc. Tammy Walker

# Ozell Hudson, Jr., Esq.
# Law Offices

*434 Massachusetts Avenue, Suite 402*
*Boston, Massachusetts 02118*
*Telephone (617) 267-0662*
*Fax (617) 267-0663*
*E-mail: Ohudsonlaw@AOL.com*

**Exhibit 3**

September 13, 2006

**By Mail and By Fax (413) 739-3125**

Carole Sakowski Lynch, Esq.
Morrison, Mahoney & Miller, LLP
1500 Main Street, Suite 2400
P.O. Box 15387
Springfield MA. 01115

Re:   Tammy Walker v. City of Holyoke
      U.S. District Court
      Docket No. 05-30074-MAP

Dear Attorney Lynch,

It is my understanding that Plaintiff Tammy Walker's First Request for Production of Documents in the above-mentioned matter were served upon you by fax and mail on August 8, 2006. Accordingly, the time period for defendant to respond expired prior to the deposition of Chief Anthony Scott on September 11, 2006.

Therefore, I renew my intention to have only suspended the September 11, 2006 deposition of Chief Scott, and continue it for purposes of deposing Chief Scott concerning documents not yet produced by defendant.

Moreover, it is my understanding that you stated on September 12 during a break in the deposition of Capt. Fletcher, that you would provide a partial response to plaintiff's documents request by Friday September 15, 2006.

In addition, please note that defendant's response to plaintiff's document request should specifically include these documents previously requested, but not be limited to the following:

A)    All documents concerning Holyoke Police Department (HPD) Professional Standards
      Division (aka Internal Affairs) investigation, review, processing, or inquires, including
      IAD-0426; and concerning all grievances, complaints, and disciplinary actions relating in
      any way to :
   1. Tammy Walker;
   2. Sgt. John Monaghan;
   3. Sgt. Joseph Garcia;
   4. Lt. Eva O'Connell;
   5. Capt. Alan Fletcher;
   6. Robert Wagner;
   7. Chief Anthony Scott;
   8. Denise M. Duguay;

         9. Lt. Whelihan;
        10. Jorge Rodriquez;
        11. Mayor Michael J. Sullivan;
        12. Lt. David Fournier;
        13. Sgt. Daniel P. McCavick

B)     All Documents concerning "Special Orders" of HPD Chief Anthony Scott since May 1, 2002 relating in any way to:

        1. Tammy Walker;
        2. Sgt. John Monaghan;
        3. Sgt. Joseph Garcia;
        4. Lt. Eva O'Connell;
        5. Capt. Alan Fletcher;
        6. Robert Wagner;
        7. Chief Anthony Scott;
        8. Denise M. Duguay;
        9. Lt. Whelihan;
        10. Jorge Rodriquez;
        11. Mayor Michael J. Sullivan;
        12. Lt. David Fournier;
        13. Sgt. Daniel P. McCavick

C)     All documents concerning Chief Anthony Scott's Internal Office Communications (IOC) since May 1, 2002 concerning all grievances, complaints, investigations, discipline, relating in any way to :

        1. Tammy Walker;
        2. Sgt. John Monaghan;
        3. Sgt. Joseph Garcia;
        4. Lt. Eva O'Connell;
        5. Capt. Alan Fletcher;
        6. Robert Wagner;
        7. Chief Anthony Scott;
        8. Denise M. Duguay;
        9. Lt. Whelihan;
        10. Jorge Rodriquez;
        11. Mayor Michael J. Sullivan;
        12. Lt. David Fournier;
        13. Sgt. Daniel P. McCavick.

If you have any questions or concerns about the above-mentioned matter please contact me.

Sincerely,

/s/
Ozell Hudson, Jr., Esq.
Cc:    Tammy Walker