UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 05-30074-MAP

| | |
|---|---|
| TAMMY WALKER,<br>　　　Plaintiff | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF HOLYOKE,<br>　　　Defendant | ) |
| | ) |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO PRODUCE DOCUMENTS PURSUANT TO FED. R. CIV. P. 37(a) AND LOCAL RULE 37.1(B)

The defendant, City of Holyoke ("Holyoke"), hereby opposes the plaintiff's, Tammy Walker's ("Walker"), motion to compel Holyoke to produce documents pursuant to Fed. R. Civ. P. 37(a) and Local Rule 37.1(B) as follows:

## FACTUAL AND PROCEDURAL BACKGROUND

Walker, an African-American female, is a former Sergeant of the Holyoke Police Department who was terminated on or about April 18, 2005. Walker alleges that Holyoke discriminated against her by subjecting her to a hostile work environment; harassing her based on her gender (female), color (black), and sexual orientation (lesbian); retaliating against her; and interfering with the exercise and enjoyment of her civil rights in violation of Title VII, 42 U.S.C. §§ 1981 and 1983; M.G.L. c. 151B, § 4 and M.G.L. c. 149, § 1985.

In her motion to compel, the plaintiff seeks discovery pursuant to her request for production of documents and correspondence from Attorney Hudson marked plaintiff's Exhibit 3 regarding a former sergeant of the Holyoke Police Department, Robert Wagner ("Wagner"), who

341641v1

was a plaintiff in a lawsuit against Holyoke. In fact, Wagner first brought suit against Holyoke

in 1998 claiming:

> that he had been subjected to disciplinary action, harassment and
> public humiliation [during the mid-1990s] because he disclosed a
> variety of information – including allegations of police misconduct
> – to newspapers and state and federal agencies. Wagner's initial
> complaint presented multiple statutory and common law claims,
> [including] … those under *42 U.S.C. § 1983 (2000)*, for violation
> of the *first* and *fourteenth amendments*, and under the
> Massachusetts whistleblower statute, *Mass. Gen. Laws ch. 149, §
> 185 (2002)*. <u>Wagner v. Holyoke</u>, *404 F.3d 504, 504 (1ˢᵗ Cir. 2005)*.

As Walker herself concedes, "unlike Plaintiff, Sgt. Wagner was not involuntarily

terminated." (<u>See</u> Walker's Memorandum at p. 3).

Walker brings this motion to compel seeking certain documents concerning Wagner

pursuant to Document Request Nos. 8 and 19 which Walker made to Holyoke in this case. The

requests and Holyoke's responses and supplemental responses thereto are as follows:

8.    All documents, including claim letters, pleadings and settlement documents,
regarding any other retaliation, race, gender, or sexual orientation discrimination,
whistleblower or civil rights claim that have ever been filed against the Holyoke
Police Department since 2001 to present.

**RESPONSE:**

**Objection**: **The Defendant objects to this request on the grounds that it is
overbroad, overly burdensome, not properly limited as to time, seeks
disclosure of information protected by the attorney/client privilege, and seeks
information which is irrelevant to the subject matter of this action and which
is not reasonably calculated to lead to the discovery of admissible evidence.
The Defendant objects on the grounds that some of the requested documents
are a matter of public record which plaintiff's counsel is fully capable of
locating on his own. The Defendant also objects to this request as it invades
the privacy rights of the individuals involved.**

**Notwithstanding nor without waiving this objection, the defendant states that
discovery and investigation are ongoing and the defendant reserves the right
to supplement this response, if appropriate.**

**SUPPLEMENTAL RESPONSE:**

**See Exhibit U.**

**In addition, the Defendant is continuing to search its records and will supplement this response if additional documents are located.**

19.    Any and all documents, including reports, court pleadings, correspondence, memoranda, notes and newspaper articles, regarding any allegations that the Defendant ever discriminated against employees on account of their race, gender or sexual orientation, or retaliated against employees, since January 2001 to present.

**RESPONSE:**

**Objection:  The Defendant objects to this request on the grounds that it is not properly limited to time, overbroad, overly burdensome, seeks disclosure of information protected by the attorney/client privilege, and seeks information which is irrelevant to the subject matter of this action and which is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, some of the requested documents are a matter of public record which Plaintiff's counsel is fully capable of locating on his own.  The defendant also objects to this request as it invades the privacy rights of the individuals involved.**

**Notwithstanding nor without waiving this objection, the defendant responds as follows:**

**Discovery and investigation are ongoing and the defendant reserves the right to supplement this response.**

**SUPPLEMENTAL RESPONSE:**

**See Exhibit U.**

**In addition, the Defendant is continuing to search its records and will supplement this response if any additional documents are located.**
(Holyoke's Supplemental Response to Request Nos. 8 and 19 is attached hereto as Exhibit A).

In response to Walker's Request Nos. 8 and 19, Holyoke produced documents concerning a 2005 discrimination complaint filed by Sergeant Joseph H. Garcia alleging discrimination based on race, color, and national origin and in which Sergeant Garcia alleges that "the city in reaching a Civil Service settlement with one Tammy Walker in or about 2002 agreed to move

3

her Seniority date in front of mine, David Pratt and Michael McCoy." (A copy of Holyoke's Response Nos. 8 and 19 is attached hereto as Exhibit B).

In her motion, as specifically stated in plaintiff's Exhibit 3, Walker asks this Court to compel Holyoke to produce "all documents concerning Holyoke Police Department's (HPD) Internal Affairs investigation; Special Orders, and Internal Office Communications of Chief Anthony Scott since May 1, 2002, concerning all grievances, complaints, investigations, discipline, relating in any way to Robert Wagner." (*See* Walker's Memorandum at pp. 6-7)(internal quotations and ellipses omitted); see Plaintiff's Exhibit 3.

## **ARGUMENT**

### **The documents requested in plaintiff's Exhibit 3 are not contained within a request for production of documents served pursuant to F.R.C.P. 34.**

In Exhibit 3, the plaintiff attempts to enlarge the scope of requests number 8 and number 19 of palintiff's request for production of documents. Specifically, the plaintiff is seeking, among other things, internal affairs investigation documents, grievances, disciplinary action documents, special orders issued by Chief Anthony Scott and Chief Anthony Scott's internal office communications. A fair reading of requests number 8 and 19 does not include these documents.[1] Therefore, plaintiff's motion seeking the documents contained in Exhibit 3 should be denied.

---

[1] It should be noted that upon receipt of Exhibit 3, defendant's counsel contacted plaintiff's counsel and advised that the defendant would treat Exhibit 3 as a second request for production of documents. See Exhibit D, Correspondence from Defendant's Counsel, dated October 2, 2006. However, by correspondence, dated October 4, 2006, plaintiff's counsel denied that Exhibit 3 was a new request, instead, claiming that the content of Exhibit No. 3 fell within plaintiff's first request for production of documents. See Exhibit E, Correspondence from Plaintiff's Counsel, dated October 4, 2006.

4

II.    **Wagner Documents**:

Walker alleges that she is entitled to the documents enumerated above concerning Sergeant Wagner on the grounds that Sergeant Wagner is a "similarly situated comparator" simply because he has claims against Holyoke for retaliation and violation of the whistleblower statute.  (*See* Walker's Memorandum at pp. 3-4).  In particular, Walker cites the recent decision of the Supreme Judicial Court of Massachusetts in *Pardo v. The General Hospital Corp.*, 446 *Mass. 1 (2006)* for the proposition that she is entitled to the documents on the grounds that:  "In a discrimination action alleging disparate treatment, obtaining comparative information about an employer's treatment of **similarly situated employees** is often critical to the plaintiff's case." *446 Mass. at 9* (emphasis added).

In *Pardo*, the Supreme Judicial Court considered the issue of whether certain documents were subject to discovery in a sexual orientation discrimination case under the medical peer review privilege under *G.L. c. 111, § 204*.  Although the Court did acknowledge that "obtaining comparative information about an employer's treatment of similarly situated employees is often critical to the plaintiff's case," the Court concluded that the plaintiff was not entitled to discover documents that were protected by the medical peer review privilege.  *446 Mass. at 9 and 14-15* (noting that the plaintiff sought records of numerous other peer review proceedings that had nothing to do with himself.).

In fact, it is "well settled that:

> Discovery in Title VII cases involving highly individualized claims of discriminatory treatment should be restricted to the practices at issue in the case, applied to employees in similar circumstances to determine if the employer treats all of its employees under those circumstances in the same manner, or whether it treats employees similarly circumstanced differently and there is some basis for concluding that the difference in treatment is predicated on race, sex or some other grounds of unlawful discrimination."

_Whittingham v. Amherst College_, 164 F.R.D. 124, 127 (D. Mass. 1995)._

"Discovery in disparate treatment cases has been limited to employees within certain work units and who have suffered similar treatment as the plaintiff." _Id_. In particular, the plaintiff must offer proof that the documents she "seeks are relevant to [her] claim of disparate treatment or [her] claim of a pattern or practice of discriminating against black employees." _Id_. If the plaintiff simply "offers only conclusory assertions that the files are relevant" and makes no real showing that the individual suffered similar treatment, the plaintiff "is not entitled to discovery." _Id_.

Where a plaintiff in a disparate treatment case offers comparative evidence, she "must provide a suitable provenance for the evidence by showing that others similarly situated to [her] **in all relevant respects** were treated differently by the employer." _Conward v. The Cambridge School Committee_, 171 F.3d 12, 20 (1ˢᵗ Cir. 1999)(emphasis added). "Reasonableness is the touchstone: while the plaintiff's case and the comparison cases that [she] advances need not be perfect replicas, they must closely resemble one another in respect to relevant facts and circumstances.

> The test is whether a prudent person, looking objectively at the incidents, would think them roughly equivalent and the protagonists similarly situated. Much as in the lawyer's art of distinguishing cases, the 'relevant aspects' are those factual elements which determine whether reasoned analogy supports, or demands, a like result. Exact correlation is neither likely nor necessary, but the cases must be fair congeners. In other words, **apples should be compared with apples**. _Id_. (quoting _Dartmouth Review v. Dartmouth College_, 889 F.2d 13, 19 (1ˢᵗ Cir. 1989))(emphasis added); _see also_ _Kosereis v. State of Rhode Island_, 331 F.3d 207, 214 (1ˢᵗ Cir. 2003).

For example, where the plaintiff alleges sexual harassment, she cannot compare her situation to another incident involving the improper use of physical force. _Conward, at 21._

6

With respect to the production of personnel files in particular, courts have consistently ruled that such "files contain perhaps the most private information about an employee within the possession of the employer." *Whittingham, supra*. As such, personnel files, in particular, must be more than just "marginally relevant" to outweigh the privacy interest of the individual and warrant discovery. *Id*. at 127-128.; *cf Jackson v. Harvard University*, 111 F.R.D. 474 (D. Mass. 1986)(personnel files of those who are hired or promoted over the plaintiff may be discoverable). For example, in *Fitzgerald v. Morrison, 14 Mass. L. Rep. 283; 2002 Mass. Super. LEXIS 37*[2], the plaintiffs alleged sexual harassment, gender discrimination and retaliation in the form of termination. The plaintiffs filed a motion to compel the defendant employer to produce personnel records of three other employees to show that these other employees were less competent but were not terminated. *Id*. at *2-3. The court denied the plaintiffs' motion to compel the production of the personnel files on the grounds that "there is a high expectation of privacy in a personnel file" and that there was "insufficient relevance between the personnel records requested and the action at bar to warrant their discovery." *Id*. at *4-6 (noting that even if other employees were incompetent, this had nothing to do with plaintiffs' claims of sexual discrimination and retaliation).

In this instance the documents concerning Wagner which Walker seeks to obtain are clearly not relevant since Sergeant Wagner was in no way "similarly situated" to Sergeant Walker. Wagner is a white male who brought claims against Holyoke for harassment and retaliation against him in the mid-1990s with respect to his First and Fourteenth Amendment rights and under the Massachusetts whistleblower statute for allegedly disclosing police misconduct. Wagner was not terminated by Holyoke. On the other hand, Walker, is an African-

---

[2] A copy of *Fitzgerald v. Morrison, 14 Mass. L. Rep. 283; 2002 Mass. Super. LEXIS 37* is attached hereto as Exhibit C.

7

American woman and a lesbian who alleges hostile work environment, harassment based on gender, color and sexual orientation, and retaliation in the form of termination – all of which occurred on or after May 30, 2002.  In short, comparing Wagner to Walker is not comparing apples to apples.  As such, the documents concerning Wagner are not relevant to Walker's claims as comparative evidence.  Therefore, this Court should deny Walker's motion to compel Holyoke to produce documents concerning Sergeant Wagner.

## III.     <u>Privilege Log/Confidentiality</u>:

To the extent that this Court finds the documents concerning Wagner are relevant to Walker's claims and subject to discovery, Holyoke reserves the right to assert any privileges that may apply to any responsive document and shall produce a privilege log in accordance with *Fed. R. Civ. P. 26(b)(5)* if applicable.

With respect to any responsive documents which are not protected by any privilege or by the work product doctrine, Holyoke requests that this Court hold an in camera hearing with defendant's counsel and Robert Wagner in light of an agreement entered into by the defendant and Robert Wagner with respect to Mr. Wagner's personnel file.  In the event that the court orders that the records be produced, the defendant requests that the court impose a confidentiality order to protect the interest of privacy in any personnel or disciplinary records of Sergeant Wagner.  <u>See</u> <u>*Worcester Telegram & Gazette Corp. v. Chief of Police of Worcester,*</u> *58 Mass. App. Ct. 1 (2003)* (discussing privacy interest in disciplinary records, personnel records and internal affairs investigation records in context of public records law, *G.L. c. 66, § 10* and exemptions thereto, *G.L. c. 4, § 7, Twenty-sixth (a) through (f)*).

341641v1

## CONCLUSION

In light of the foregoing, the defendant, City of Holyoke, respectfully requests that this Court deny the plaintiff's motion to compel the City of Holyoke to produce documents concerning former Sergeant Robert Wagner.

The Defendant,
City of Holyoke,

By Its Attorneys
Morrison Mahoney LLP


/s/ Carole Sakowski Lynch
Carole Sakowski Lynch, BBO#547718
1500 Main Street, Suite 2400
P.O. Box 15387
Springfield, MA  01115-5387
(413) 737-4373
(413) 739-3125 (Fax)


I hereby certify that this document, filed through the ECF System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on December 6, 2006.

/s/ Carole Sakowski Lynch

341641v1

EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 05-30074-MAP

TAMMY WALKER,                    )
      Plaintiff              )
                                  )
v.                               )
                                  )
CITY OF HOLYOKE,                 )
      Defendant              )

## SUPPLEMENTAL RESPONSE OF THE DEFENDANT, CITY OF HOLYOKE, TO THE PLAINTIFF, TAMMY WALKER'S, FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

5.      Copies of all mental health records for treatment of prior and subsequent mental health conditions, illnesses and/or injuries which are unrelated to the actions or omissions of the Defendant from 2001 to present.

**RESPONSE:**

**Objection:  The Defendant objects to this request on the grounds that it assumes that the defendant somehow caused the plaintiff damages which the defendant denies.  The defendant also objects to this request on the grounds that it is not properly limited as to time.**

**Notwithstanding nor without waiving these objections, the Defendant states as follows:**

**The defendant will supplement this response when the documents become available.**

**SUPPLEMENTAL RESPONSE:**

**See Exhibit Q.**

7.      Any and all diaries, journals, logs, notebooks, notes, reports, lists or other documents maintained by you concerning the incidents that are the subject of Plaintiff's Complaint, as well as the injuries and damages she allegedly sustained, as a result of the acts or omissions of the Defendant from 2001 to present.

**RESPONSE:**

**Objection**:  The Defendant objects to this request on the grounds that it is vague, overbroad, overly burdensome, not properly limited as to time, and seeks disclosure of information protected by the attorney/client privilege.  The Defendant further objects to this request on the grounds that it seeks discovery of information, gathered and prepared in anticipation of litigation or for trial by or for the Defendant or by or for a representative of the Defendant.   The Defendant also objects to this request on the grounds that it assumes that the defendant somehow caused the plaintiff damages which the defendant denies.

Notwithstanding nor without waiving this objection, the Defendant refers the plaintiff to the following documents:

**Exhibit A** - **IAD Case #03-17 Elizur's Pub**
**Exhibit B** - **IAD Case #04-011 Punctuality to Court**
**Exhibit C** - **IAD Case #04-17 Terrorism Threat Duty Failure**
**Exhibit D** - **IAD Case #04-21 Officer Safety alleged By Sgt. Walker**
**Exhibit E** - **IAD Case #04-22 Verbal Assault alleged by Sgt. Walker**
**Exhibit F** - **Personnel Order 069-04 Notice of Disciplinary Action**
**Exhibit G** - **IAD Case #04-26 Officer Safety Filed by Sgt. Walker**
**Exhibit H** - **IAD Case #04-29 Conduct Unbecoming**
**Exhibit I** - **IAD Case #04-33 Complaint Against Lt. Fournier Filed by Sgt. Walker**
**Exhibit J** - **IAD Case #04-34 Complaint Against Lt. O'Connell Filed by Sgt. Walker**
**Exhibit K** - **IAD Case #05-01 Failure to Adhere to Orders**
**Exhibit L** – **IAD Case #05-02 Conduct Unbecoming**

**SUPPLEMENTAL RESPONSE:**

See Exhibits R, S, T and 1.

8.   All documents, including claim letters, pleadings and settlement documents, regarding any other retaliation, race, gender, or sexual orientation discrimination, whistleblower or civil rights claim that have ever been filed against the Holyoke Police Department since 2001 to present.

**RESPONSE:**

**Objection**:   The Defendant objects to this request on the grounds that it is overbroad, overly burdensome, not properly limited as to time, seeks disclosure of information protected by the attorney/client privilege, and seeks information which is irrelevant to the subject matter of this action and which is not reasonably calculated to lead to the discovery of admissible evidence.  The Defendant objects on the grounds that some of the requested documents are a matter of public record which plaintiff's counsel is fully capable of locating on his own.  The Defendant also objects to this request as it invades the privacy rights of the individuals involved.

2

Notwithstanding nor without waiving this objection, the defendant states that discovery and investigation are ongoing and the defendant reserves the right to supplement this response, if appropriate.

**SUPPLEMENTAL RESPONSE:**

See Exhibit U.

In addition, the Defendant is continuing to search its records and will supplement this response if additional documents are located.

11.    Any and all documents which evidence, discuss or concern any and all Holyoke Police Department employment positions filled since January 1, 2004, including pay.

**RESPONSE:**

**Objection**:  The Defendant objects to this request on the grounds that it is vague, overbroad, overly burdensome, and seeks information which is irrelevant to the subject matter of this action and which is not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding nor without waiving these objections, the Defendant states that discovery and investigation are ongoing and the defendant reserves the right to supplement this response, if appropriate.

**SUPPLEMENTAL RESPONSE:**

See Exhibit V.

12.    Any and all statements taken by the Defendant or on the Defendant's behalf relative to the allegations contained in the Plaintiff's Complaint from 2001 to present.

**RESPONSE:**

**Objection**:  The Defendant objects to this request on the grounds that it is not properly limited to time, overbroad, overly burdensome, and seeks disclosure of information protected by the attorney/client privilege.  The Defendant further objects to this request on the grounds that it seeks discovery of information gathered and prepared in anticipation of litigation or for trial by or for the Defendant or by or for a representative of the Defendant.

Notwithstanding nor without waiving this objection, the Defendant states as follows:

The Defendant refers the Plaintiff to Exhibits A through L.

3

**SUPPLEMENTAL RESPONSE:**

See Exhibits R, S and T.

13.    A copy of all documents that the Defendant believes support its allegation that the Defendant did not discriminate against the Plaintiff as alleged in the Answer to the Complaint.

**RESPONSE:**

**Objection:  The Defendant objects to this request on the grounds that it is overly burdensome and seeks disclosure of information protected by the attorney/client privilege.  The Defendant further objects to this request on the grounds that it seeks discovery of information gathered and prepared in anticipation of litigation or for trial by or for the Defendant or by or for a representative of the Defendant. Moreover, it seeks the mental impressions, conclusions and theories of defendant's attorney.**

**Notwithstanding nor without waiving this objection, the Defendant states as follows:**

**The Defendant refers the Plaintiff to Exhibits A through L.**

**SUPPLEMENTAL RESPONSE:**

See Exhibits R, S, T and Z.

14.    A copy of all documents that the Defendant believes support its allegation that the Defendant did not retaliate against the Plaintiff as alleged in Answer to the Complaint.

**RESPONSE:**

**Objection:  The Defendant objects to this request on the grounds that it is overly burdensome and seeks disclosure of information protected by the attorney/client privilege.  The Defendant further objects to this request on the grounds that it seeks discovery of information gathered and prepared in anticipation of litigation or for trial by or for the Defendant or by or for a representative of the Defendant. Moreover, it seeks the mental impressions, conclusions and theories of defendant's attorney.**

**Notwithstanding nor without waiving this objection, the Defendant states as follows:**

**The Defendant refers the Plaintiff to Exhibits A through L.**

**SUPPLEMENTAL RESPONSE:**

See Exhibits R, S, T and Z.

334987v1

15.  A copy of all documents that the Defendant believes support its allegation that the Defendant did not violate the Whistleblower Act as alleged in the Answer to the Complaint.

**Objection: The Defendant objects to this request on the grounds that it is overly burdensome and seeks disclosure of information protected by the attorney/client privilege. The Defendant further objects to this request on the grounds that it seeks discovery of information gathered and prepared in anticipation of litigation or for trial by or for the Defendant or by or for a representative of the Defendant. Moreover, it seeks the mental impressions, conclusions and theories of defendant's attorney.**

**Notwithstanding nor without waiving this objection, the Defendant states as follows:**

**The Defendant refers the Plaintiff to Exhibits A through L.**

**SUPPLEMENTAL RESPONSE:**

**See Exhibits R, S, T and Z.**

16.  A copy of all documents that the Defendant believes support its allegation that the Defendant did not subject the Plaintiff to a hostile work environment as alleged in the Answer to the Complaint.

**RESPONSE:**

**Objection: The Defendant objects to this request on the grounds that it is overly burdensome and seeks disclosure of information protected by the attorney/client privilege. The Defendant further objects to this request on the grounds that it seeks discovery of information gathered and prepared in anticipation of litigation or for trial by or for the Defendant or by or for a representative of the Defendant. Moreover, it seeks the mental impressions, conclusions and theories of defendant's attorney.**

**Notwithstanding nor without waiving this objection, the Defendant states as follows:**

**The Defendant refers the Plaintiff to Exhibits A through L.**

**SUPPLEMENTAL RESPONSE:**

**See Exhibits R, S, T and Z.**

17.  The original, or a copy, of each and every document from 2001 to present, concerning or in any way pertaining to writings or statements concerning this action, its subject matter, or any of the events and occurrences alleged in the Plaintiffs' Amended Complaint, including the writings or statements themselves, made or prepared by:

334987v1

(a)    the Defendant, its agents, servants, representatives or employees;

(b)    the Plaintiff and/or the Plaintiffs' agents, servants, officers, representatives or employees;

(c)    any agency (public or private), or department of the Commonwealth of Massachusetts, or any department or board or other agency of any city, town, county or other political subdivision of the Commonwealth of Massachusetts, or any agent, servant or representative of any such agency, department, board or subdivision; and,

(d)    any other person or entity.

**RESPONSE:**

**Objection:  The Defendant objects to this request on the grounds that it is not properly limited to time, overbroad, overly burdensome, seeks disclosure of information protected by the attorney/client privilege, and seeks information which is irrelevant to the subject matter of this action and which is not reasonably calculated to lead to the discovery of admissible evidence.**

**The Defendant also objects to this request on the grounds that it seeks discovery of information gathered and prepared in anticipation of litigation or for trial by or for the Defendant or by or for a representative of the Defendant.**

**Notwithstanding nor without waiving this objection, the Defendant states as follows:**

**See Exhibits A through L.**

**SUPPLEMENTAL RESPONSE:**

**See Exhibits R, S, T and 1.**

18.  All documents from 2001 to present, concerning, or in any way pertaining to, communications that in any way concern or relate to any of the events, occurrences and allegations contained in the Plaintiffs' Amended Complaint, including the communications themselves, between the Plaintiffs, or the Plaintiff's agents, servants, representatives or employees and:

(a)    the Defendant, its agents, servants, employees or representatives;

(b)    any agency (public or private), or department of the Commonwealth of Massachusetts, or department or board or other agency of any city or town, county or other political subdivision of the Commonwealth of Massachusetts, or any agency, department, board or subdivision;

6

334987v1

(c)    any agency, department, board or subdivision of the government of the United States of America, or any agent, servant or representative of any such agency, board, department or subdivision; and,

(d)    any other person or entity.

**RESPONSE:**

**Objection:  The Defendant objects to this request on the grounds that it is not properly limited to time, overbroad, overly burdensome, seeks disclosure of information protected by the attorney/client privilege, and seeks information which is irrelevant to the subject matter of this action and which is not reasonably calculated to lead to the discovery of admissible evidence.**

**The Defendant also objects to this request on the grounds that it seeks discovery of information, gathered and prepared in anticipation of litigation or for trial by or for the Defendant or by or for a representative of the Defendant.**

**Notwithstanding nor without waiving this objection, the Defendant states as follows:**

**See Exhibits A through L.**

**In addition, the defendant refers the plaintiff to the defendant's position statements filed in 02SEM04081 and 05SEM01534 which should already be in the plaintiff's possession.**

**SUPPLEMENTAL RESPONSE:**

**See Exhibits R, S, T and 1.**

19.    Any and all documents, including reports, court pleadings, correspondence, memoranda, notes and newspaper articles, regarding any allegations that the Defendant ever discriminated against employees on account of their race, gender or sexual orientation, or retaliated against employees, since January 2001 to present.

**RESPONSE:**

**Objection:  The Defendant objects to this request on the grounds that it is not properly limited to time, overbroad, overly burdensome, seeks disclosure of information protected by the attorney/client privilege, and seeks information which is irrelevant to the subject matter of this action and which is not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, some of the requested documents are a matter of public record which Plaintiff's counsel is fully capable of locating on his own.  The defendant also objects to this request as it invades the privacy rights of the individuals involved.**

Notwithstanding nor without waiving this objection, the defendant responds as follows:

Discovery and investigation are ongoing and the defendant reserves the right to supplement this response.

SUPPLEMENTAL RESPONSE:

See Exhibit U.

In addition, the Defendant is continuing to search its records and will supplement this response if any additional documents are located.

20.    Any and all documents which constitute, evidence, discuss or concern any employee manual, handbook, contracts and/or agreements, job descriptions or guidelines, discrimination policies, disciplinary procedures and/or termination procedures prepared, produced or distributed by the Defendant or the Holyoke Police Department concerning the Plaintiff's employment with the Defendant from 2001 to present.

RESPONSE:

Objection:  The Defendant objects to this request on the grounds that it is vague, overbroad, overly burdensome, not properly limited to time, seeks disclosure of information protected by the attorney/client privilege, and seeks information which is irrelevant to the subject matter of this action and which is not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding nor without waiving this objection, the Defendant states as follows:

Discovery and investigation are ongoing and the defendant reserves the right to supplement this response.

SUPPLEMENTAL RESPONSE:

See Exhibit W.

21.    All documents, including grievances, reports, notices, memoranda, notes and other correspondence, from 2001 to present, related to any of the allegations in the Plaintiff's Complaint between the Defendant and:

(a)    Representatives of the City of Holyoke;

(b)    State or federal agencies or other governmental agencies; and

(c)    The labor union or any other entity or person representing Defendant regarding the collective bargaining agreement which pertains to Plaintiff's employment with the City of Holyoke.

8

**RESPONSE:**

**Objection**: The Defendant objects to this request on the grounds that it is vague, overbroad, overly burdensome, not properly limited to time, seeks disclosure of information protected by the attorney/client privilege, and seeks information which is irrelevant to the subject matter of this action and which is not reasonably calculated to lead to the discovery of admissible evidence.

The Defendant also objects to this request on the grounds that it seeks discovery of information gathered and prepared in anticipation of litigation or for trial by or for the Defendant or by or for a representative of the Defendant.

Notwithstanding nor without waiving this objection, the Defendant states as follows:

The Defendant refers the Plaintiff to Exhibits A through L and to the grievances attached as Exhibit O hereto.

**SUPPLEMENTAL RESPONSE:**

See Exhibits R, S, T and 1.

24. All documents relating to any of the events, occurrences and allegations contained in Plaintiff's Amended Complaint other than those that are subject to an applicable privilege from 2001 to present.

    **RESPONSE:**

    **Objection**: The Defendant objects to this request on the grounds that it is vague, overbroad, overly burdensome, not properly limited to time, and seeks disclosure of information protected by the attorney/client privilege. The Defendant further objects to this request on the grounds that it seeks discovery of information, gathered and prepared in anticipation of litigation or for trial by or for the Defendant or by or for a representative of the Defendant.

    Notwithstanding nor without waiving this objection, the Defendant states as follows:

    The Defendant refers the Plaintiff to Exhibits A through L.

    **SUPPLEMENTAL RESPONSE:**

    See Exhibits R, S, T and 1.

25. Copies of all performance evaluations, and any and all documents regarding Plaintiff's work performance while employed by the City of Holyoke, including, but not limited to, reprimands, warnings or suspensions.

334987v1

**RESPONSE:**

**Objection:** The Defendant objects to this request on the grounds that it is vague, overbroad, overly burdensome, not properly limited to time, seeks disclosure of information protected by the attorney/client privilege and seeks information which is irrelevant to the subject matter of this action and which is not reasonably calculated to lead to the discovery of admissible evidence.

The Defendant objects to this request on the grounds that it seeks discovery of information gathered and prepared in anticipation of litigation or for trial by or for the Defendant or by or for a representative of the Defendant.

Notwithstanding nor without waiving this objection, the Defendant states as follows:

The Defendant refers the Plaintiff to the documents attached as Exhibits A through L and P hereto.

**SUPPLEMENTAL RESPONSE:**

See Exhibit Z.

28.    All "Relevant Documents" and other tangible things in the possession, custody or control of Defendant and/or its counsel that the Defendant may use to support its defenses and described by category or identified in Defendant's Initial Disclosure Pursuant to Rule 26(a)(1).

**RESPONSE:**

**Objection:** The Defendant objects to this request on the grounds that it is vague, overbroad, overly burdensome, seeks disclosure of information protected by the attorney/client privilege, and seeks discovery of information gathered and prepared in anticipation of litigation or for trial by or for the Defendant or by or for a representative of the Defendant.

The Defendant also objects to this request on the grounds that it seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of the Defendant concerning the litigation.

Notwithstanding nor without waiving this objection, the Defendant states as follows:

The Defendant refers the Plaintiff to all of the documents attached in response to the requests herein.

334987v1

**<u>SUPPLEMENTAL RESPONSE:</u>**

**The Defendant refers the Plaintiff to all of the documents attached in response to the requests herein.  In addition, See Exhibits X and Y.**

**Furthermore, Defendant refers the plaintiff to a copy of her personnel file which was previously provided to her.**

**The Defendant will also make the tape recordings of the WMLEC transmissions and the oral statements of officers taken as part of the Internal Affairs Investigations available for listening at a mutually convenient date and time.  In the alternative, it will reproduce them at the plaintiff's expense.**

The Defendant,
City of Holyoke

By Its Attorneys
Morrison Mahoney LLP

_____

Carole Sakowski Lynch, BBO#547718
1500 Main Street, Suite 2400
P.O. Box 15387
Springfield, MA  01115-5387
(413) 737-4373
(413) 739-3125 (fax)

I hereby certify that a true copy of the
above document was served upon (each
party appearing pro se and) the attorney
of record for each (other) party by mail
(by hand) on_____
_____.

11

EXHIBIT B

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Joseph H. Garcia | From: | Boston Area Office - 523<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL *(29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16C-2005-01109 | Anne R. Giantonio,<br>Intake Supervisor | (617) 565-3189 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

Robert L. Sanders,
Area Office Director

JAN 2 3 2006
*(Date Mailed)*

cc:   CITY OF HOLYOKE-MASSACHUSETTS POLICE DEPT.
      138 Appleton Street
      Holyoke, MA 01040

RECEIVED

MAR 1 4 2005

CHIEF'S OFFICE

**The Commonwealth of Massachusetts**
**Commission Against Discrimination**
436 Dwight Street, Rm. 220 , Springfield, MA 01103
Phone: (413) 739-2145 Fax: (413) 784-1056

3/11/2005

City of Holyoke-Massachusetts Police Department
Police Chief Anthony Scott
138 Appleton Street
Holyoke, MA 01040

RE: Joseph H. Garcia   vs. City of Holyoke-Massachusetts
Police Department, Michael   Sullivan
MCAD Docket Number: 05SEM00623
EEOC/HUD Number: 16CA501109

Dear Respondent Party:

The Massachusetts Commission Against Discrimination (MCAD) has received the above complaint of
discrimination which alleges that you have committed an act of discrimination against the complainant. A
copy of that complaint is enclosed.

State law requires the Commission to impartially review the allegations in that complaint. The Commission
has assigned one of its staff, Gilbert May, to investigate the complaint. This MCAD investigator will keep
the parties informed of the course of the investigation.

State law requires that you submit a formal written answer to the complaint, called a Position Statement.
This Position Statement must be submitted within twenty-one (21) days of receipt of this notification. The
Position Statement **must be signed under the pains and penalties of perjury.** A copy must also be
forwarded to the Complainant at the address listed on the enclosed complaint. Failure to file a Position
Statement or other response within the prescribed time may result in sanctions being imposed in accordance
with 804 CMR 1.16.

It is our policy to determine whether the parties are willing to consider a rapid, informal and voluntary
resolution of this dispute. The Commission encourages such resolutions as an alternative to the often lengthy
and expensive litigation process. To discuss the possibility of settlement, please contact the Investigator
named below.

If you have any questions pertaining to the Investigation, please contact Gilbert May  at (413) 739-2145 x
130.

Sincerely,

Gilbert May
Investigator

Cc:

Daniel J. Szostkiewicz, Esquire
Szostkiewicz & Thorn
1365 Main Street, Fourth Fl
Springfield, MA 01103

MCAD Docket Number 05SEM00623, Serve Respondent – Without Investigative Conference

## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

City of Holyoke-Massachusetts Police Department
Police Chief Anyhony Scott
138 Appleton Street
Holyoke, MA 01040

Michael Sullivan

City Hall
Dwight Street
Holyoke, MA 01040

Person Filing Charge:           Joseph H. Garcia
This Person (Check One):        (-) Claims to be aggrieved
                                ( ) Is filing on behalf of
Date of Alleged Violation:      10/04/04
Place of Alleged Violation:     Holyoke,
EEOC Charge Number:             16CA501109
MCAD Docket Number:             05SEM00623

---

NOTICE OF CHARGE OF DISCRIMINATION WHERE AN FEP AGENCY WILL INITIALLY PROCESS (See Attached Information Sheet For Additional Information)

You are hereby notified that a charge of employment discrimination under
    [ ] Title VII of the Civil Rights Act of 1964
    [ ] The Age Discrimination in Employment Act of 1967 (ADEA)
    [ ] The Americans Disabilities Act (ADA)
Has been received by
[ ]   The EEOC and sent for initial processing to   MCAD
                               (FEP Agency)
[-]   The Mass. Commission Against Discrimination
       (FEP) Agency and sent to the EEOC for dual filing purposes.

While the EEOC has jurisdiction (upon the expiration of any deferral requirements if this is a Title VII or ADA Charge) to investigate this charge, EEOC may refrain from beginning an investigation and await the issuance of the Agency's final findings and orders. These final findings and orders will be given weight by EEOC in making its own determination as to whether or not reasonable cause exists to believe that the allegations made in the charge are true.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency in the course of its proceedings will be considered by the Commission when it reviews the Agency's final findings and orders. In many instances the Commission will take no further action, thereby avoiding the necessity of an investigation by both the Agency and the Commission. This likelihood is increased by your active cooperation with the Agency.

[X]   As a party to the charge, you may request that EEOC review the final decision and order of the above named Agency. For such a request to be honored, you must notify the Commission in writing within 15 days of your receipt of the Agency's issuing a final finding and order. If the agency terminates its proceedings without issuing a final finding and order, you will be contacted further by the Commission. Regardless of whether the Agency or the Commission processes the charge, the Recordkeeping and Non-Retaliation provisions of Title VII and the ADEA as explained on the second page of this form apply.

For further correspondence on this matter, please use the charge number(s) shown.

[ ]   An Equal Pay Act Investigation (29 U.S.C 206(d) will be conducted by the Commission concurrently with the Agency's investigation of the charge.
[X]   Enclosure: Copy of the Charge

EEOC Charge Number 16CA501109, EEOC Transmittal Letter to Respondent

Basis of Discrimination
(✓) Race          (✓) Color          ( ) Sex          ( ) Religion          (✓) National Origin
( ) Age           ( ) Disability     ( ) Retaliation  ( ) Other

Circumstances of alleged violation:
    SEE ENCLOSED COPY OF THE CHARGE OF DISCRIMINATION (or EEOC FORM 5)

| Date | Type Name/Title of Authorized EEOC Official | Signature |
|------|---------------------------------------------|-----------|
| 3/9/2005 | Robert L. Sanders, Director | |

EEOC Charge Number 16CA501109, EEOC Transmittal Letter to Respondent

# CHARGE OF DISCRIMINATION

ENTER CHARGE NUMBER

This form is affected by the Privacy Act of 1974; see Privacy Act Statement on reverse before completing this form.

☐ FEPA 05-23-00623
☐ EEOC 16CA50110q

Massachusetts Commission Against Discrimination _____ and EEOC
(State or local Agency, if any)

| NAME (Indicate Mr., Ms., or Mrs.) | HOME TELEPHONE NO. (Include Area Code) |
|---|---|
| Joseph H. Garcia | ████ ███-██ |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| ███████████ | ████████████, MA ████ | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NO. OF EMPLOYEES/MEMBERS | TELEPHONE NUMBER (Include Area Code) |
|---|---|---|
| Police Chief Anthony Scott | 125+ | ███ ███ ████ |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|
| 138 Appleton Street | Holyoke, MA 01040 |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| Mayor Michael Sullivan | ███ ███ ████ |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|
| City Hall, Dwight Street | Holyoke, MA 01040 |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☒ RACE   ☒ COLOR   ☐ SEX   ☐ RELIGION   ☒ NATIONAL ORIGIN
☐ AGE   ☐ RETALIATION   ☐ OTHER (Specify)

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (Month, day, year)
October 4, 2004

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s)):

Sargeant Garcia sat for and took the Massachusetts Civil Service Exam for the position of Lieutenant in 2001. He achieved the fourth highest score in the Department. In January 2004 the City of Holyoke conducted interviews for two vacant full-time Lieutenant positions. The two individuals with the highest scores were promoted. Sargeant Garcia's name was second on the remaining list which was valid through October of 2004. He was the only minority on the list.

On or about September 2004 the City of Holyoke appointed one Michael McCoy to the position of Temporary Lieutenant, and did so without posting said position or conducting interviews. Then, in October 2004, only days before this civil service list expired, the city promoted Mr. McCoy to permanent Lieutenant, again, without said position or conducting interviews. The Mayor, Michael Sullivan, as appointing authority, and Chief of Police Anthony Scott discriminated against me by not affording me the opportunity to be interviewed for the position of full-time Lieutenant of Police.

In addition, the city in reaching a Civil Service settlement with one Tammy Walker in or about 2002 agreed to move her Seniority date in front of mine, David Pratt and Michael McCoy. However, upon information and belief, the city only moved her date in front of mine, but not the other two caucasain males who were also supposed to be impacted.

## RECEIVED

MAR 09 2004

COMMISSION AGAINST
DISCRIMINATION/SPRINGFIELD

| ☒ I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary to meet State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| | *Joseph Garcia* |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |
| Date 3/7/5    *Joseph Garcia* Charging Party (Signature) | |

EEOC FORM 5 MAR 84    PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED

# Massachusetts Commission Against Discrimination

436 Dwight Street, Suite 220 Springfield, Ma. 01103
(413) 739-2145

### General Employment Interview Form

Your appointment is with:_____ Date:_____ Time:_____
Complainants Name:  Garcia              Joseph                    H.
                    (Last Name)         (First Name)              (Middle Initial)
Address__ _____ ____ ____ _____ _____ __
Birthdate_____Age  38    Social Security#_____ Race/Color Spanish
Marital Status  Divorced               Number and Ages of children One Child, Age Eleven
Educational Attainment/Grades Completed  Masters Degree in Criminal Justice
Telephone# (daytime)(413)_____ fighttime)(___) same         Sex  Male .
Name of Employer  City of Holyoke, Massachusetts Police Department
Address (please indicate zip code)  138 Appleton Street, Holyoke, Massachusetts 01040
(Mayor- As Appointing Authority), City Hall, Dwight Street, Holyoke, Massachusetts 01040
Telephone # (413) ___ ____         No. of employees: 0-14    15-19    20-24    25+  X
Date of the last discriminatory act_____    Date of Hire_____ (Reserve)
Position Title(s) Sargeant of Police                                (Full-time)
Description of Qualifications for the position (attach resume)  Appointed Reserve P.O.  ull-time
P.O.        ; Sargeant of Police            and 3rd name on civil service list for
Underline/Circle/Check all categories in which you believe you have been discriminated against: Lieutenant in 200

| | |
|---|---|
| [X] Race | [X] Color |
| [X] National Origin/ Ancestry | [] Sex |
| [] Age | [] Sexual Harassment |
| [] Maternity Leave | [] Sexual Orientation |
| [] Religion | [] Criminal Record |
| [] Handicap | |

In general, this employment complaint is being filed against the Respondent because of:

| | |
|---|---|
| [] Termination | [] Lay off |
| [] Failure to Hire | [] Terms & Conditions |
| [X] Denial of Promotion | [] Retaliation |
| [] Denial of Reasonable Accommodation | [] Handicap |
| [] Other_____ | |

Summarize in your own words what happened. Use this space for a brief statement of the facts and provide the name(s) and titles of the person(s) you believe responsible. List each event that you believe was discriminatory and provide the date for that event.

Sargeant Garcia sat for and took the Massachusetts Civil Service Exam for the position of Lieutenant in 2001. He achieved the fourth highest score in the Department. In January 2004 the City of Holyoke conducted interviews for two vacant full-time Lieutenant positions. The two individuals with the highest scores were promoted. Sargeant Garcia's name was second on the remaining list which was valid through October of 2004. He was the only minority on the list.

On or about September 2004 the City of Holyoke appointed one Michael McCoy to the position of Temporary Lieutenant, and did so without posting said position or conducting interviews. Then, in October 2004, only days before this civil service list expired, the city promoted Mr. McCoy to permanent Lieutenant, again, without posting said position or conducting

interviews. The Mayor, Michael Sullivan, as appointing authority, and Chief of Police Anthony Scott discriminated against me by not affording me the opportunity to be interviewed for the position of full-time Lieutenant of Police.

In addition, the city in reaching a Civil Service settlement with one Tammy Walker in or about 2002 agreed to move her Seniority date in front of mine, David Pratt and Michael McCoy. However, upon information and belief, the city only moved her date in front of mine, but not the other two caucasian males who were also supposed to be impacted.

Provide the name(s) and the position of the person(s) you are comparing yourself to, identify each person, i.e. race, color, sex, etc. I was the only minority on the civil service Lieutenant's list in 2004, fourth highest score overall (behind two caucasian males and one caucasian female).

Have you ever received any warnings or reprimands? If so, please provide the date(s): I have received warnings for sick leave abuse on the following dates; 9/03/1991, 8/18/1992, 6/08/1994, 9/05/1995, 8/12/1996, 7/14/1997, 7/24/2000, 5/02/2003 and 7/01/2004.

Have you ever complained about the discriminatory acts? If so, to whom?
A) Name This is my first Complaint. Title
Date of the complaint
B) Name Title
Date of the complaint
What remedy are you seeking as a resolution? Compensatory/ Punitive Damages and any other relief deemed appropriate by this Commission.
Provide the name, address, and telephone number of two persons through whom you may be contacted:
A) Name Daniel J. Szostkiewicz Address Szostkiewicz & Thorn, 1365 Main Street- Fourth F
Telephone # (413) 739-1257 Springfield, Massachusetts 01103
B) Name Address
Telephone #

By _Joseph Garcia_
(complainant) Joseph H. Garcia

This Form should be completed and brought with you to your scheduled appointment (if applicable) or mailed to the commission for further processing.



THE COMMONWEALTH OF MASSACHUSETTS
COMMISSION AGAINST DISCRIMINATION
436 DWIGHT STREET, SUITE 220
SPRINGFIELD, MA 01103



Mitt Romney
Governor

Kerry Healey
Lieutenant Governor

Eric A. Kriss
Secretary

Dorca I. Gómez
Chairwoman

Cynthia A. Tucker
Commissioner

Walter J. Sullivan, Jr.
Commissioner

## STANDING ORDER OF THE SPRINGFIELD MCAD OFFICE
## REGARDING EXTENSIONS
## DURING THE INVESTIGATIVE PROCESS

Please be advised that the Springfield office of the Massachusetts Commission Against Discrimination is implementing this policy regarding the <u>granting of extensions</u> during the investigative process.

The policy is as follows:

<u>You are allowed to request a **TOTAL** of twenty-five days for extensions during the investigative process in writing.</u>

**This means that the total number of days you may receive is NOT TO EXCEED twenty-five days during the ENTIRE INVESTIGATION.** For instance, if you request and receive a twenty-one day extension to submit your position statement, you then have a balance of four days to submit all additional information requested by the commission. Our advice is to use your extensions sparingly and plan ahead for emergencies.

If you are an attorney and you do not believe that you can abide by this policy, then you may want to reconsider whether you should become involved in representing parties during the investigative process at the MCAD.

**If you violate the extension rule, be prepared to incur sanctions payable to the Commonwealth of Massachusetts, which if ordered, will be strictly enforced.**

We are working vigorously to improve the investigative process here at MCAD. Our goal is to improve the quality of investigations while reducing the timeframe needed to complete them. This policy is designed to assist us in reaching these goals and will be applied equally to both parties, the complainant and respondent.

We appreciate your assistance regarding the enforcement of this policy.

*Cynthia R. Tucker*

Cynthia Tucker,
Commissioner, Western Mass. Office

Tel: (413) 739-2145                    Fax: (413) 784-1056

*This fact sheet was designed to help parties with cases that have been assigned or transferred to the Attorney Assisted [ for investigation. If, after reading this, you still have questions call the attorney-assisted unit at the Commission. The follow are answers to frequently asked questions by counsel:*

☐ Cases assigned or transferred to the attorney assisted unit occur only when there is <u>counsel representing both parties</u>. When counsel to one or both parties makes a written notice of withdrawal of representation from the case, the case will automatically transferred to the Pro-Se Unit.

☐ All correspondence should be sent to the attorney investigator assigned to the case. In the event there is no attorney investigator assigned to the case, correspondence should be addressed to the Attorney Assisted Unit. Correspondence should <u>not</u> be sent to the Investigating Commissioner.

☐ All correspondence and documents sent by counsel must be copied to all parties named in the action. Counsel for parties are responsible for seeing to it that he/she have been copied on all documents.

☐ Each named Respondent must file a position statement within twenty one (21) days of receiving a formal charge of discrimination (even if there is a motion to remove the claim to state court). Each Respondent may be allowed <u>one</u>, twe one (21) day extension upon the showing of good cause and <u>upon approval by the attorney assisted unit</u>. The Responde is required to submit a confirming letter regarding the extension to all parties and the attorney assisted unit.

☐ Position statements must be <u>signed and affirmed</u> by a principal or person, other than counsel, authorized to act for Respondent. *(804 CMR 1.10(8)(c)).*

☐ Parties interested in resolving matters through mediation or arbitration should contact opposing counsel for agreement a send a <u>joint request</u> for an American Arbitration Association referral in writing to the assigned attorney investigator. *(804 CMR 1.10(3)).*

☐ Once the parties have received a position statement, the Commission shall issue a Pre-Determination Discovery Order pursuant to the new regulations authorizing parties to conduct limited discovery for a ninety (90) day period. Discovery limited to fifteen (15) interrogatories, fifteen (15) requests for production of documents and six (6) hours of depositions. Parties are required to respond to interrogatories within forty five (45) days of receipt and within thirty (30) days for the production of documents. Both parties may jointly opt to waive out of conducting discovery (this must be done as a join stipulation in writing). *(804 CMR 1.13).*

☐ Discovery requests and responses should <u>not</u> be copied to the Commission. Copies may be attached to the memorandur of fact and law in support of one's arguments.

☐ All contested motions should be filed pursuant to the Commission's motion process (similar to Superior Court Rule 9A) <u>Motions failing to comply with this process will not be ruled on.</u> A certificate of service showing that motions were filed in accordance with the regulations and that good faith attempts to resolve the matter with opposing counsel were made must accompany all motions. *(804 CMR 1.15(3)(b) and (b)).*

☐ <u>Joint motions</u> for extensions of discovery will automatically be granted for good cause as long as it is submitted in writin and the time for extension does not exceed sixty (60) days. Counsel will <u>not</u> receive notice that an extension has been granted.

☐ Based on the Pre-Determination Discovery Order, subpoenas may be issued to depose parties in the name of the Commission by counsel for the parties. This applies to third party witnesses as well. A motion to compel must be made before a request to enforce the subpoena is made. *(804 CMR 1.14).*

☐ Each party must submit a memorandum of fact and law within thirty (30) days after the close of discovery. Parties are requested to provide all opposing counsel with a copy of the Memorandum. Responses to the Memoranda will not be allowed without permission from the attorney investigator.

☐ Copies of our new regulations may be purchased at the Secretary of State bookstore or you can find them on our website www.state.ma.us/mcad.

EXHIBIT C

LEXSEE 14 MASS. L. REP. 283

**Elizabeth Fitzgerald et al. n1 v. Constance A. Morrison et al. n2**

n1 Michelle Booth and Patricia O'Leary Engdahl.

n2 Melvin W. Budish and Worcester Housing Authority.

**00-2247B**

**SUPERIOR COURT OF MASSACHUSETTS, AT WORCESTER**

*14 Mass. L. Rep. 283; 2002 Mass. Super. LEXIS 37*

**January 4, 2002, Decided**
**January 10, 2002, Filed**

**DISPOSITION:** Plaintiffs' motion to compel was denied.

**JUDGES:** [*1] James P. Donohue, Justice of the Superior Court.

**OPINION BY:** James P. Donohue

**OPINION:** MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION TO COMPEL DEFENDANT WORCESTER HOUSING AUTHORITY TO PRODUCE DOCUMENTS IN RESPONSE TO CERTAIN REQUESTS FOR PRODUCTION

Pursuant to *Mass.R.Civ.P. 34* and *37*(a), the plaintiffs, Elizabeth Fitzgerald ("Fitzgerald"), Michelle Booth ("Booth"), and Patricia O'Leary Engdahl ("Engdahl"), move this Court to enter an order compelling the defendant, Worcester Housing Authority ("WHA"), to produce documents in response to certain requests of plaintiffs for production of documents. The documents sought are disciplinary records, evaluations, claims or complaints relating to the job performances of Paul Shapter ("Shapter"), WHA's former Chief Financial Officer; Ruth Carlson ("Carlson"), WHA's Executive Director; and Constance A. Morrison ("Morrison"), the WHA Commissioner.

After consideration of the briefs of counsel, it is hereby *ORDERED* that the plaintiffs' motion to compel defendant Worcester Housing Authority to produce documents in response to certain requests for production is *DENIED*.

DISCUSSION

Plaintiffs filed this action in November 2000 against the [*2] WHA and its Commissioners, Melvin Budish ("Budish") and Morrison alleging sexual harassment and discrimination based on their gender during their employment with the WHA and that they were retaliated against by the WHA for complaining of said discrimination and harassment. Plaintiffs seek disciplinary records, evaluations, claims or complaints relating to the job performances of Shapter, Carlson, and Morrison. Plaintiffs allege that the documents contain evidence relevant and material to the issues in the instant action. Plaintiffs allege that these documents are necessary to show that the legitimate non-discriminatory reasons that the defendants advance for the adverse employment actions they took against the plaintiffs are only a pretext for discrimination.

Plaintiffs allege that certain personnel records of Shapter are necessary to show that he had a lackadaisical attitude toward his work at the WHA and that Booth, then WHA's Executive Director, was fired in part because she took measures to discipline Shapter. Plaintiffs allege that their actions prompted Morrison, Shapter's wife, to eliminate Booth and Engdahl from the WHA.

Plaintiffs allege that discovery of parts of [*3] Carlson's personnel file is necessary to prove that she was less competent than the plaintiffs and/or had performance issues, thereby casting doubt as to the defendants' assertion that they fired Booth and demoted Fitzgerald and Engdahl on account of performance issues.

Case 3:05-cv-30074-MAP    Document 32-4    Filed 12/06/2006    Page 3 of 7

Page 2

14 Mass. L. Rep. 283; 2002 Mass. Super. LEXIS 37, *

Plaintiffs also allege that any disciplinary records, evaluations, claims or complaints relating to Morrison's work performance, either as WHA Commissioner or in her prior position with WHA as general counsel, will be relevant to her credibility in taking certain actions against the plaintiffs on account of alleged performance issues. Plaintiffs believe that this will show that the plaintiffs' competence was not the real reason for the adverse employment actions WHA took against them.

Pursuant to *Mass.R.Civ.P. 26(b)(1)*, "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party . . .." Rule 26(b)(1) further provides that "it is not ground for objection that the information sought will be inadmissible at the trial [*4] if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." The records sought herein are personnel records of certain current or former employees of the WHA, and the Court has recognized that individuals have a heightened privacy interest in such records. See *Bratt v. Int'l Business Machines Corp., 392 Mass. 508, 518, 467 N.E.2d 126 (1984); G.L.c. 214, § 1B.* "Because there is a high expectation of privacy in a personnel file, the release of information from a personnel file is also a substantial interference with the right to privacy. The next question is whether these [disclosures are] unreasonable under the circumstances." *Skelley v. Trustees of the Fessenden School, 1994 WL 928172, 7 Mass. L. Rptr. 414, 418* (November 10, 1997) (Brassard, J.) (1994). "In evaluating whether the information sought from employees could amount to an unreasonable interference with their right of privacy, we stated that the employer's legitimate interest in determining the employees' effectiveness in their jobs should be balanced against the seriousness of the intrusion on the employees' privacy. [*5] " *Bratt, 392 Mass. at 520,* citing *Cort v. Bristol-Myers, Co., 385 Mass. 300, 308, 431 N.E.2d 908 (1982).*

The documents sought by the plaintiffs are privileged and the requests they make are overbroad. There is insuf-

ficient relevance between the personnel records requested and the action at bar to warrant their discovery.

Even if Shapter were an incompetent employee as the Director of Administration and Finance at the WHA, justifying the plaintiffs' disciplining him, those facts are irrelevant as to the sexual discrimination and retaliation allegedly suffered by the plaintiffs. Even if Morrison were angry with the plaintiffs about their treatment of her husband, Shapter's personnel file is not relevant or reasonably calculated to lead to the discovery of admissible evidence on this point.

Morrison's personnel file is also irrelevant to the instant case. Morrison was employed at the WHA in the mid-to-late 1980s and the alleged discriminatory acts occurred at or around 1997. Even if she were an incompetent employee, there is no relevance between her job performance as general counsel at the WHA and the actions which she took as a Board member [*6] in 1997.

Carlson's personnel records are similarly irrelevant. Carlson, a 20-year employee of the WHA, was appointed by the Board as Temporary Acting Executive Director on April 8, 1997, at the Board meeting at which Booth was fired. Carlson then applied for and was appointed to the position of Executive Director of the WHA. However, Carlson was not appointed in place of Booth, as Booth had already been fired at that time, nor was she appointed over Fitzgerald or Engdahl, as they never applied for the position.

ORDER

For the foregoing reasons, it is hereby *ORDERED* that the Plaintiffs' Motion to Compel Defendant Worcester Housing Authority to Produce Documents in Response to Certain Requests for Production is *DENIED.*

James P. Donohue

Justice of the Superior Court

DATED: January 4, 2002

**EXHIBIT D**

# MORRISON MAHONEY LLP

### COUNSELLORS AT LAW

TOWER SQUARE
1500 MAIN STREET
SUITE 2400, POST OFFICE BOX 15387
SPRINGFIELD, MASSACHUSETTS 01115-5387
413-737-4373
FACSIMILE: 413-739-3125

Carole Sakowski Lynch
Phone:  413-737-4373 Ext. 1233
clynch@morrisonmahoney.com

| | |
|---|---|
| MASSACHUSETTS | NEW HAMPSHIRE |
| BOSTON | MANCHESTER |
| FALL RIVER | |
| SPRINGFIELD | NEW JERSEY |
| WORCESTER | PARSIPPANY |
| CONNECTICUT | NEW YORK |
| HARTFORD | NEW YORK |
| ENGLAND | RHODE ISLAND |
| LONDON | PROVIDENCE |

October 2, 2006

**Via Facsimile - 617-267-0663**
**and First Class Mail**

Ozell Hudson, Jr., Esq.
434 Massachusetts Avenue, Suite 402
Boston, MA  02118

Re:  Tammy Walker v. City of Holyoke
     Docket No.:     05-30074-MAP
     Our File No.:     10007547

Dear Attorney Hudson:

    With respect to your correspondence, dated September 13, 2006, I will treat the documents that you requested in A, B and C as a second request for production of documents pursuant to Rule 26.1(C), which allows for two separate sets of requests for production, and I will respond appropriately.

    Very truly yours,

Carole Sakowski Lynch

CSL/lat

**EXHIBIT E**

# *Ozell Hudson, Jr., Esq.*

## *Law Offices*

*434 Massachusetts Avenue, Suite 402*
*Boston, Massachusetts 02118*
*Telephone (617) 267-0662*
*Fax (617) 267-0663*
*E-mail: ohudsonlaw@aol.com*

October 4, 2006

Carole S. Lynch
Morrison Mahoney LLP
Tower Square
1500 Main Street
Suite 2400
P.O. Box 15387
Springfield, Ma. O1115



RECEIVED
OCT 0 6 2006
By_____

Re:    Tammy Walker v. City of Holyoke
       Docket No. 05-30074-MAP

Dear Attorney Lynch:

In response to your letter, dated October 2, 2006, I disagree with your intent to treat my correspondence dated September 13, 2006, as (plaintiff's) second request for production of documents pursuant to Rule 26.1 (c). At the time of my September 13 correspondence, defendant had not yet responded to Plaintiff's First Request for Production of Documents, and plaintiff sought to clarify documents previously requested but not yet produced. This was made clear by plaintiff's use of the following language: "... please note that defendant's response to plaintiff's document request should specifically include these documents previously requested, but not be limited to the following: A..., B..., (and) D".

Therefore, plaintiff has reserved her right to make a second request for production of documents pursuant to Rule 26.1(c).

Sincerely,

*Ozell Hudson, Jr.*

Ozell Hudson, Jr., Esq.

C.c. Tammy Walker