UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 05-30074-MAP

| | |
|---|---|
| TAMMY WALKER,<br>    Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| CITY OF HOLYOKE,<br>    Defendant | )<br>) |

**DEFENDANT'S RENEWED MOTION FOR LEAVE TO FILE MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT IN EXCESS OF 20 PAGES**

Now comes the defendant, City of Holyoke (the "City"), and, pursuant to the Court's order, dated May 21, 2007, moves this honorable Court for leave to file a memorandum in support of its motion for summary judgment which will be up to 80 pages in length pursuant to *Local Rule 7.1(B)(4)*.[1]

In support of this motion, the City states that this case involves a fifteen (15) count complaint by a former sergeant with the City's Police Department alleging discrimination based on gender (female), race (African-American) and sexual orientation (lesbian); creation of a hostile work environment based on race, gender and sexual orientation; retaliation and violation of the Massachusetts Whistleblower statute. *M.G.L. c. 151B, § 4; Title VII (42 U.S.C. § 2000e et seq.); M.G.L. c. 149, § 185; 42 U.S.C. § 1981*; and *42 U.S.C., § 1983*. Furthermore, the underlying factual allegations of this case span a period of time from 1999 to 2005 and involve numerous incidents upon which the plaintiff bases her complaint.

---

[1] Since defendant's counsel is still working on the memorandum, the exact page length is not yet known. However, the memorandum will not be more than 80 pages.

360716v1

In order to properly address both the underlying undisputed facts and the pertinent legal arguments on summary judgment, it is necessary to prepare a supporting memorandum which is approximately 80 pages in length. If the defendant were to prepare the memo in a shorter form, the Court would undoubtedly have difficulty following the factual statement, in particular, since there would have to be a multitude of references to exhibits. That is, instead of receiving a statement of facts in very readable form as the defendant currently has, the Court would have to read each exhibit in full in order to garner the necessary information.

WHEREFORE, the defendant, City of Holyoke, respectfully requests that this Court allow it to file an 80-page memorandum of law in support of its motion for summary judgment.

## LOCAL RULE 7.1 CERTIFICATION

On May 9, 2007, defendant's counsel, Carole Sakowski Lynch, conferred with plaintiff's counsel, Ozell Hudson, Jr., who indicated that he will not assent to the defendant's motion for leave to file memorandum in support of motion for summary judgment in excess of twenty (20) pages because he does not have his client's authorization to do so.

The Defendant,
CITY OF HOLYOKE,

By Its Attorneys
MORRISON MAHONEY LLP


 /s/ Carole Sakowski Lynch
Carole Sakowski Lynch, BBO# 547718
1500 Main Street, Suite 2400
P.O. Box 15387
Springfield, MA  01115-5387
(413) 737-4373
(413) 739-3125 (Fax)

I hereby certify that this document, filed through the ECF System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on June 11, 2007.

 /s/ Carole Sakowski Lynch

360716v1