# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| Tammy Walker, | ) | |
|     Plaintiff | ) | Civil Action No. 05-30074- MAP |
| | ) | |
| v. | ) | |
| | ) | |
| City of Holyoke, | ) | |
|     Defendant | ) | |

## ASSENTED TO PLAINTIFF'S MOTION FOR LEAVE TO FILE MEMORANDUM IN OPPOSITIOIN TO MOTION FOR SUMMARY JUDGEMENT IN EXCESS OF 20 PAGES

NOW COMES the Plaintiff Tammy Walker, and moves this honorable court for leave to file a Memorandum In Opposition To Defendant's Motion For Summary Judgement which will be no more than 70 pages in length pursuant to Local Rule 7.1 (B)(4). Since Plaintiff's counsel is still working on the memorandum, the exact page length is not yet known. However, the memorandum will not be more than 70 pages.

In support of this Motion, this Court's Order on June 12, 2007, allowed the Defendants to file its 74 page Memorandum In Support Of Their Motion For Summary Judgement, including 52 pages of alleged undisputed material facts, and 116 exhibits, which Plaintiff shall respond too.

In addition, the Plaintiff states the previous reasons advanced by Defendant: "…that this case involves a fifteen (15) count complaint by (Plaintiff), a former Sergeant with the City (of Holyoke) Police Department alleging discrimination based on gender (female), race (African-American), and sexual orientation; retaliation and violation of the Massachusetts Whistleblower statute. …Furthermore, the underlying factual allegations of this case span a period of time from 1999-2005 and involve numerous incidents upon which the Plaintiff bases her complaint."

"In order to properly address both the underlying (disputed and alleged) undisputed facts and pertinent legal arguments on summary judgement, it is necessary to prepare a supporting memorandum, which is approximately (70) pages in length. If the (Plaintiff) were to prepare the memo (randum) in a shorter form, the court would undoubtedly have difficulty following the factual statement, in particular, since there would have to be a multitude of references to (Plaintiff's and Defendant's) exhibits. That is, instead of receiving a statement of facts in a very readable form as the (Plaintiff is preparing), the Court would have to read each exhibit in full in order to garner the necessary information."

WHEREFORE, the Plaintiff Tammy Walker respectfully requests that this Court allow it to file a 70-page memorandum of law in support of opposition to motion for summary judgement.

Respectfully Submitted
Tammy Walker
By Her Attorney

Dated July 09, 2007

/s/ *Ozell Hudson, Jr.*

Ozell Hudson, Jr., Esq.
BBO No. 556269
434 Massachusetts Ave.
Suite 402
Boston, Ma. 02118
Tel: (617) 267-0662
Fax: (617) 267-0663

## CERTIFICATE OF CONSULTATION

By telephone conversation on July 9, 2007, counsel for the Plaintiff requested Defendant's counsel, Carole Sakowski Lynch, to assent to her Motion to File Memorandum in Excess of 20 Pages. Defendant's counsel stated that she would have to speak to her client first. Subsequently, defendant's counsel telephoned her assent to the above-mentioned motion.

/s/ Ozell Hudson, Jr.

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on July 09, 2007.

                                                    /s/ Ozell Hudson, Jr.